BOGGESS vs. LOWREY et al.

Where a levy described the land in controversy not only by number and district, but by metes and bounds and by mentioning the adjacent and surrounding landed proprietors, and the description was correct, except that there was a mistake in the number of the district, such an error or misdescription did not avoid the levy, and notwithstanding it, the land could be readily identified. It was therefore proper to refuse to enjoin the sheriff from proceeding to execute the process on that ground.

May 9, 1887.

Levy and Sale. Description. Injunction. Before Judge HARRIS. Carroll County. At Chambers, April 7, 1887.

Henry Boggess filed his bill against N. M. Lowrey and J. M. Hewitt, sheriff, alleging, in brief, as follows: Complainant is in the quiet and legally acquired possession of fifty acres of land in lot 250 in the 5th district of Carroll county, bounded on the north by G. W. Austin, on east by lands belonging to estate of W. B. Gilley, south by J. C. Benson, and west by right of way of Savannah, Griffin and N. Ala. R. R. He holds it under a bond for title from Lowrey. The sheriff levied an execution in favor of Lowrey against complainant on certain land described as follows: Fifty acres, more or less, of the northwest and southwest fifty acres of lot of land number 151 in the 10th district of said county, bounded on the north by G. W. Austin, east by lands belonging to the estate of W. B. Gilley, south by J. C. Benson's, west by right of way of Sav., G. & N. Ala. R. R. The advertisement followed the levy and a sale took place thereunder, Lowrey being the purchaser, and the sheriff made him a deed to the land, describing it as in the levy. The land did not bring its full value at the sale, but would have brought more if it had been fully and properly advertised and identified. The object of the bill was to set aside the sale and to enjoin the sheriff from putting Lowrey into possession.

The defendants answered, in brief, as follows: The com-

plainant purchased the land from one Croft and took a deed which described it substantially as in the levy. Wishing to borrow money to pay the balance due for the land, complainant procured it from Lowrey, made him a deed and took a bond for titles from him. Failing to pay, Lowrey obtained judgment, caused a levy to be made on the land, and at the sale became the purchaser, and the error in describing the lot and district ran through all the papers. This resulted from mistake; all the parties thought the land was properly described. The description by metes and bounds alone identifies the land. No one was ignorant of what land was being sold; it was publicly stated at the sale that it was the Boggess place near Carrollton. Complainant or his counsel was present and knew that the tract in dispute was being sold. By way of cross-bill, it was prayed that the mistake in the description be corrected.

On the hearing, it was admitted by complainant's counsel that complainant knew of the mistake in the description of the land in his deed to Lowrey at and before the time of the sheriff's sale, and that he was aware of the sale and made no objection to it.

The injunction was refused, and the complainant excepted.

AUSTIN & MERRELL; COBB & MERRELL; COBB & JUHAN; R. L. RICHARDS, by brief, for plaintiff in error.

GORDON & BROWN, by brief, for defendants

HALL, Justice.

This was an application made to enjoin the proceedings under a levy and sale, where a portion of the lot of land in controversy was described, not only by number and district, but by metes and bounds and by mentioning the adjacent and surrounding landed proprietors. It was shown that there was a mistake as to the district where the land lay, and

that was the only mistake in the levy or attachment. The number was right, the portion of the lot from which it was taken was right, and the boundaries were also correctly set forth, and the court held that that was an error or misdescription which did not avoid the levy, and that notwithstanding its existence, the land might be readily identified; and for these reasons he would not enjoin the sheriff from proceeding to execute the process. This case falls directly within the principle of *Rogers, ex'r, vs. Rogers,* decided at this term, and also *Harris vs. Hull, ex'r,* 70 *Ga.* 831. *Falsa demonstratio non nocet.*

Judgment affirmed.