## CRIDER et al. v. WOODWARD.

1. An order of the court of ordinary, regular in all respects, granting administrators leave to sell land of the decedent for the purpose of distribution, does not adjudicate title to the land, and can not be pleaded as res adjudicata by a defendant in ejectment claiming under the estate against the plaintiff in ejectment claiming adversely to the estate.

2. A deed executed in Fulton County, Georgia, on December 2, 1890, by the administrators with the will annexed of the estate of Clark Howell, late of Fulton County, deceased, to Cicero C. English, purported to convey, for the consideration of $400, land "belonging to" the estate left by the decedent and being "the lot or parcel of land lying and being in Fulton County, Georgia, being 40 forty acres more or less, on the south corner of land lot two hundred sixteen (216), adjoins the lands of English, Franklin, Thomason, and others, said land lying and being in the seventeenth (17th) district of said County." Held, that, in an ejectment suit for recovery of a portion of the land, it was erroneous to reject the deed from evidence on the ground that it was void for lack of sufficient description and was otherwise irrelevant.

3. It was not a valid ground of objection to the deed just referred to that it "did not touch the premises in dispute," or that it "was otherwise irrelevant."

4. Upon principles stated and the ruling made in the second division of the opinion, the documentary evidence specifically referred to in the fourth division was admissible over the several stated objections interposed separately to the admission of the several documents.

5. The administrator's deed referred to in the corresponding division of the opinion was not accompanied by an order of the court of ordinary authorizing a sale of the property, but nevertheless the description contained in the deed was sufficiently definite to constitute valid color of title.

6. The testimony of the witness W. E. Brown, quoted in the sixth division of the opinion, offered for the purpose of applying the several descriptions in the deeds referred to in the preceding notes, was inadmissible, the deeds referred to having been rejected; but this court having decided that the deeds were erroneously rejected, the evidence will be admissible on another trial, in connection with the said documentary evidence.

7. The testimony as to declarations set forth in the seventh division of the opinion was admissible over the objection that it was hearsay.

8. The testimony of the witness Charles A. Vaughan, as set out in the eighth division of the opinion, offered for the purpose of applying the descriptive terms of the muniments of title introduced by the defendants,

Adverse Possession, 2 C. J. p. 79, n. 5; p. 179, n. 99, 99½, 3; p. 271, n. 67½; p. 276, n. 54.

Ejectment, 19 C. J. p. 1164, n. 28; p. 1166, n. 85.

Evidence, 22 C. J. p. 167, n. 99; p. 214, n. 42; p. 232, n. 80; p. 234, n. 12; p. 993, n. 90; p. 994, n. 4.

Executors and Administrators, 24 C. J. p. 700, n. 46.

Judgments, 34 C. J. p. 941, n. 72; p. 943, n. 75.

and identifying the land in dispute, was inadmissible for the reasons stated in the sixth division.

9. The court erred in rejecting the evidence set out in the corresponding division of the opinion.

10. The testimony set out in the tenth division of the opinion was admissible, and it was erroneous to exclude it over the stated objection.

11. Certain tax receipts referred to in the eleventh division were admissible as tending to show the bona fides and notoriety of the defendants' possession.

12. As a reversal of the judgment directing a verdict for the plaintiff will result from errors committed by the trial court in his rulings on admissibility of evidence, no ruling will be made upon the sufficiency of the evidence to authorize the direction of a verdict.

No. 5086. SEPTEMBER 23, 1926. REHEARING DENIED SEPTEMBER 30, 1926.

Ejectment. Before Judge Ellis. Fulton superior court. May 27, 1925.

A petition in ejectment contained a single demise in the name of Mrs. Kate Howell Woodward. Mrs. B. M. Crider and C. M. Stanback were the real defendants. The land was described in the petition: "A tract of land being a part of lot of land No. two hundred sixteen (216) in the seventeenth (17th) district of said county, described as follows: Beginning at the southwest corner of said lot and running north along the land-lot line 1043 feet to an old stone corner; thence east 509 feet; then south to the southern land-lot line of said lot of land; thence west to the point of beginning." The defendants filed separate pleas of not guilty, and alleged a claim of title by prescription based on seven years adverse possession under color of title prior to institution of the suit. The defendants offered separate amendments to their pleas, setting up facts relied on to show that the controversy had been formerly adjudicated against the plaintiff. The amendment was disallowed, and exceptions pendente lite were duly certified. On the trial it developed that the plaintiff claimed title as heir at law of her mother, Mrs. Mary D. Howell, who died in 1888, and was the widow of Clark Howell Senior, deceased, and had purchased the property after the death of her husband from a source with which said Clark Howell was entirely disconnected. In order to show title in Mrs. Mary D. Howell, the plaintiff introduced a chain of deeds commencing with a deed executed in 1877 by Charles A. Howell to Hartwell A. Baldwin and including certain intermediate deeds down to the said Mrs. Mary D. Howell, all of said deeds purporting to be regular in all respects and based on a

valuable consideration; also testimony as to adverse possession by the grantees in the said several deeds during the period of their several tenures, aggregating more than seven years; also testimony to the effect that Mrs. Mary D. Howell died in possession of the land. The plaintiff did not exercise any acts of possession or ownership over the land after the death of her mother until she instituted her suit in 1923.

The defendants' claim of title was predicated on a chain of alleged deeds commencing with a deed executed in December, 1890, by the administrators with the will annexed of the estate of Clark Howell Senior, deceased, to Cicero C. English, and including alleged intermediate deeds down to the defendant Mrs. Crider. In connection with the alleged chain of instruments relied on as color of title, the defendants introduced evidence as to adverse possession by the several alleged grantees during their respective tenures, which in the aggregate amounted to more than seven years but less than twenty years. The possession of one of them, Felix A. Vaughan, covered a period of twelve years extending from 1898 to 1910, at which time he died while living on a portion of the land. The deed to Mrs. Crider purported to convey only "a tract of land in land lot 216 of the 17th district of Fulton County, Georgia, bounded on the north by Pace's Ferry Road, on the south by the land-lot line, on the east by land of F. A. Vaughan, on the west by land of Friedman, Rich & Company, commencing at the southwest corner of land lot 216 and running east 509 feet to a stake, thence north 1250 feet to the center of Pace's Ferry Road, thence west 512 feet to a stake, thence south 1313 feet to beginning point, containing 15 acres." Seven years did not elapse between execution of that deed and institution of the suit. The defendants did not claim under Mrs. Mary D. Howell or any one under whom she claimed. Their defense as indicated above was, first, that no title was shown in the plaintiff, and second that Mrs. Crider acquired a prescriptive title after the death of Mrs. Mary D. Howell. There was no claim of a prescriptive title in the defendant Stanback. Objections were interposed to the admission of certain parts of the evidence offered by the defendants, which objections were sustained and the evidence was rejected. The court directed a verdict finding for the plaintiff "a four-sevenths (4/7) undivided interest" in the land. The defendants excepted, and

assigned error on the ruling to which the exceptions pendente lite related, and on the several rulings rejecting the evidence offered by the defendants, and upon the judgment directing a verdict for the plaintiff. Other facts sufficiently appear in the opinion.

*Mitchell & Mitchell,* for plaintiffs in error.

*Julian Chambers* and *Little, Powell, Smith & Goldstein,* contra.

ATKINSON, J. 1. The defendant Mrs. Crider offered an amendment to her plea, in which it was alleged that the plaintiff's right to recover the land had previously been adjudicated against her in the following manner, that is to say, that the plaintiff claimed the land as an heir at law of Mrs. Mary D. Howell, deceased; that the plaintiff is also an heir at law of Clark Howell, deceased; that at the December term, 1889, of the court of ordinary the administrators with the will annexed of Clark Howell petitioned for leave to sell the land in controversy, for the purpose of distribution among the heirs, praying that citation issue and be published as required by law, and that leave to sell be granted them; that citation did issue and was published as required by law, by means whereof the plaintiff became "a party to said action;" that at the January term, 1890, the judge of the court of ordinary passed an order granting the administrators leave to sell as prayed. It was further alleged that one of the chains of title under which the defendant claimed is deraigned through said sale, and upon all of the foregoing "the plaintiff is barred from recovering said land." The petition to the ordinary filed by the administrators and the order granting them leave to sell were attached to the amendment as exhibits thereto. The court disallowed the amendment, and one of the assignments of error is upon this ruling. The complaint in the bill of exceptions was that the amendment alleged that the title to the property had been adjudicated against the plaintiff in virtue of the foregoing proceeding, and therefore that the ruling of the judge was contrary to law. One sufficient reason to support the ruling of the trial court is that "Neither the ordinary nor the court of ordinary has, under the law of this State, jurisdiction to try cases involving the title to" real property. *Durham* v. *Durham,* 107 *Ga.* 285, 287 (33 S. E. 76); *Dix* v. *Dix,* 132 *Ga.* 630, 638 (64 S. E. 790); *Jones* v. *Cooner,* 137 *Ga.* 681, 682 (74 S. E. 51).

2. The defendants offered in evidence a deed executed in Ful-

ton County, Georgia, December 2, 1890, by the administrators with the will annexed of the estate of Clark Howell, late of Fulton County, deceased, to Cicero C. English, and recorded in the general records of said county in Book C4, page 560, purporting to convey, for the consideration of $400, land belonging to the estate left by the decedent, and being "the lot or parcel of land lying and being in Fulton County, Georgia, being 40 forty acres more or less, on the south corner of land lot two hundred sixteen (216) adjoins the lands of English, Franklin, Thomason, and others, said land lying and being in the seventeenth (17th) district of said county." The court rejected the deed from evidence, on the ground "that part of it did not touch the premises in dispute, and that it was void for lack of sufficient description and was otherwise irrelevant." Error was assigned upon the ruling rejecting the deed from evidence. Was the deed void for lack of sufficient description? It was said in *Price* v. *Gross,* 148 *Ga.* 137 (2) (96 S. E. 7): " 'The description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes its identification practicable.' *Andrews* v. *Murphy,* 12 *Ga.* 431 (1). See *Shiels* v. *Lamar,* 58 *Ga.* 591 (1), 593; *Jennings* v. *National Bank of Athens,* 74 *Ga.* 782 (1 a), 787; *Mayor &c. of Chauncey* v. *Brown,* 99 *Ga.* 766, 771 (26 S. E. 763). This test has been consistently applied in this State. Indeed our Civil Code declares: 'No prescribed form is essential to the validity of a deed to lands or personalty. If sufficient in itself to make known the transaction between the parties, no want of form will invalidate it.' § 4182. If the deed affords a key by which the property conveyed can be identified, it is sufficient. *Swint* v. *Swint,* 147 *Ga.* 467 (94 S. E. 571)." The rule stated in the last sentence of the foregoing excerpt was applied in *Harriss* v. *Howard,* 126 *Ga.* 325 (3), 330 (55 S. E. 59), where the question was as to the sufficiency of a description of land expressed in a will to afford "color of title." It was held: "A devise in a will duly probated and recorded, whereby a testator left to his two sons 'all of my lands,' contained a sufficient description to operate as color of title to land in the county of his residence to which he had recorded deeds, and which formed a part of a plantation known by his name, and of which he died in possession." In the opinion is an approved quotation from

*Crawford* v. *Verner,* 122 *Ga.* 816 (50 S. E. 959), which referred to a deed, as follows: "And where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of the tract owned by him, even a vague description of the same will suffice, if by competent parol evidence its precise location is capable of ascertainment and its identity can thus be established." It was further said: "It can hardly be contended that a devise by a testator of 'all of my lands' is not sufficient to carry title to his devisees to lands shown to answer that description. But it is suggested that though the devise was sufficient to convey title, it was insufficient to operate as color of title. We recognize, of course, the difference between a will and a deed, and the great liberality allowed in making wills and passing title by them. But if we look at this case as if the description were in a deed, it would seem somewhat peculiar if a description were sufficient for the conveyance of good title, but insufficient to constitute even a semblance or color of title, sufficient to convey, but not sufficient to purport to convey." It was further said: "To what extent would the description, 'all of my lands,' in the devise be color of title? To the extent that certain lands were shown to fall within the description 'all of my lands.' How is this any less valid than if the description were 'my home place,' or the 'place where I reside,' or the like? Any such description must be adjusted to its subject-matter by extraneous evidence." And then it was said: "From the foregoing it will be seen that we hold the devise was a sufficient color of title. Had it not referred to or given any designation of lands at all, so that they could be identified, but had said, 'all my property, or the like, thus giving no indication that any land was to pass under it, a different question would have been presented."

The principle illustrated by the foregoing excerpts has been recently applied in the cases of *Hayes* v. *Dickson,* 148 *Ga.* 700 (98 S. E. 345), and *Calhoun* v. *Ryals,* 159 *Ga.* 35 (124 S. E. 867). The question in the *Hayes* case arose in the following manner: "The administrator upon the estate of William Wash filed an application in the court of ordinary for leave to sell 'the lands in said county belonging to said estate, which are described as follows: 245 acres, more or less, of lot of land No. 109, also 122 acres, more or less, of lot of land No. 94, in the 4th land district

of Irwin County, Georgia.' Upon this application the ordinary granted an order authorizing the administrator to sell 'the following land of said estate, to wit: 245 acres, more or less, of lot of land No. 109, also 122 acres, more or less, of lot No. 94 in the 4th land district of Irwin County, Georgia.' " This court held: "On an attack upon the sale based on such order, where it appeared that at the time of the sale the portions of the lots referred to in the order had been staked off, and that the estate was in possession thereof and was not in possession of any other lands in the district, the order of sale was sufficiently definite, and was admissible in evidence as authority to the administrator to make the sale." And "It was competent by extrinsic evidence to identify the land in dispute as the land contemplated by the administrator's sale." The application of the principle in the *Calhoun* case will sufficiently appear by quoting the syllabus as follows: "Where an owner of a large and irregularly shaped tract of land caused it to be subdivided into several separate tracts and the lines of each to be surveyed and marked out by the surveyor, after which such owner executed a voluntary deed purporting to convey one of the tracts to one of his children, which deed described the property by giving definite boundaries on the east, south, and west and giving as the north boundary 'lands of' the grantor, the descriptive averments in the deed are sufficient, and the description may be applied by extraneous evidence showing that the grantor had caused the north line to be actually surveyed and marked out prior to the making of the deed." See also *Glover* v. *Newsome,* 142 *Ga.* 862 (83 S. E. 939). The administrator's deed now under consideration showed expressly that the land was sold as property of the estate that was being administered; that it was a "lot of land" indicating that it was all in one body; that the "lot of land" was in land lot 216 in the 17th district of Fulton County, Georgia; that it was in the "south corner" of said land lot; that it was adjacent to lands of three named separate land proprietors and to lands of proprietors that were not named. It is certain that the grantor contemplated conveyance of an entire "lot of land" that was property of the estate; and this being so, the fact that in stating the quantity of land included in the lot the term "more or less" was used would not destroy the grant. Under such a grant the location of the entire lot could be ascertained by com-

petent extrinsic evidence, whether the lot contained an exact number of acres or a stated number of acres "more or less." Such description would be more definite than a description of land in a will called by the testator "all of my lands" or a description in a deed designating the land "the home place" of a grantor or a named "plantation" or the like (as to which see *Harriss* v. *Howard,* supra; *Flannery* v. *Hightower,* 97 *Ga.* 592 (25 S. E. 371)). If the term "south corner" were omitted, the deed would be sufficient as color of title under the foregoing decisions. In these circumstances the employment of that term would not render void for uncertainty the description that was otherwise sufficient. If the term were false or incorrect, it should in the circumstances be rejected as surplusage rather than destroy the deed. This is but application of the ruling in *Burson* v. *Shields,* 160 *Ga.* 724 (5) (129 S. E. 22), where it was held: "A deed will not be held void for uncertainty from the fact that the description in part is false or incorrect, if there are sufficient particulars given to enable the premises intended to be conveyed to be identified. *McCaskill* v. *Stearns,* 138 *Ga.* 123, 126 (74 S. E. 1032). So where there is an error or misdescription in a levy upon land, the same does not render the levy void, if notwithstanding such error or misdescription, the land can be readily identified. *Boggess* v. *Lowrey,* 78 *Ga.* 539 (3 S. E. 771, 6 Am. St. R. 279). In such a case, such error or misdescription may be rejected as surplusage, under the maxim falsa demonstratio non nocet." See also *Shackelford* v. *Orris,* 129 *Ga.* 791, 794 (59 S. E. 772). The term "south corner" need not be rejected. It is indefinite because it might apply to the southwest or southeast corner of the land lot, but this indefiniteness will not destroy the deed. It is really an aid to the description, because it shows that the "lot of land" intended to be conveyed is in a corner of the original land lot and on the south side. Evidence that the lot intended to be conveyed was in the southwest corner of the original lot would not be repugnant to the term employed. It follows that the deed was not void for lack of sufficient description of the land attempted to be conveyed.

The case differs from *Huntress* v. *Portwood,* 116 *Ga.* 351 (3), 356 (42 S. E. 513), holding: "Where the owner of an irregularly shaped tract of land embracing approximately 307-1/2 acres undertakes to convey a portion thereof by executing an instrument

in the form of a deed which designates such portion as a parcel of land 'containing two hundred acres, more or less,' but does not with sufficient definiteness set forth or indicate how it shall be cut off from the entire tract, or otherwise describe such portion so that its identity can be ascertained without resort to extrinsic proof as to the secret and undisclosed intention of the maker with regard thereto, no title to any part of such tract of land passes to the person named in the instrument as grantee," and similar cases that need not be specifically named. In that case the attempted conveyance was to an uncertain quantity of land intended to be carved out of a larger tract owned by the grantor, and was not to one entire tract owned by such grantor. The deed was held to be insufficient. But in so holding the court recognized the distinction which has just been mentioned. The court said: "Where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of a tract of land owned by him, even a vague description of the same will suffice, if, by the aid of competent parol evidence, its precise location is capable of ascertainment and its identity can thus be established. See *Shore* v. *Miller,* 80 *Ga.* 93 [4 S. E. 561, 12 Am. St. R. 239]; *Beardsley* v. *Hilson,* 94 *Ga.* 51 (6) [20 S. E. 272]; *Broach* v. *O'Neal,* Ibid. 475 [20 S. E. 113]; *Derrick* v. *Sams,* 98 *Ga.* 397 [25 S. E. 509, 58 Am. St. R. 309]; *Elwell* v. *Mortgage Co.,* 101 *Ga.* 496 [28 S. E. 833]. The most extreme case on this line is that of *Shore* v. *Miller.* The opinion delivered by Mr. Justice Blandford does not fully set forth the facts upon which the decision in that case was based. An examination of the original record therein, which is of file in the office of the clerk of this court, discloses that the descriptive words employed in the deed then under consideration were: 'All those tracts or parcels of land situate, lying, & being in the 9th district of Hall county, known by the numbers (being parts of lots) 22 & 23, and containing one hundred and seventy-two acres, more or less.' This language warranted the inference that it was the intention of the maker of the deed to convey all of his interest in the lands embraced in lots known as numbers 22 and 23 in the 9th district of Hall county; and it is clear that he did not claim to own all of the territory included in those land lots, or undertake to convey any portion thereof which did not belong to him. It was recited in the motion for a new trial filed in

that case that the party tendering this deed in evidence offered 'to prove by parol testimony the identity of the land described in said deed as parts of lots Nos. 22 & 23 in the 9th district of Hall county, and that it was all of those lots owned and possessed by the [grantor] at the time he executed said deed.' That, then, was a case where the grantor undertook to convey one entire tract of land lying in one land lot, and another entire tract situated in a different land lot." The case also differs from the case of *Scoville* v. *Lamar,* 149 *Ga.* 333 (100 S. E. 96). That case involved the sufficiency of pleadings, that is to say, sufficiency of the description of land in the petition in an ejectment suit. The descriptive allegations in such pleading must be so certain as that in the event of a recovery the sheriff could from the description given in the pleading, without resort to extrinsic evidence, put the plaintiff in possession of the land. *Darley* v. *Starr,* 150 *Ga.* 89 (102 S. E. 819). Whereas a deed as evidence of title will be sufficient if the descriptive averments afford data or "a key" by which the land can be definitely located by the aid of extrinsic evidence. If the sheriff were allowed to consider extrinsic evidence as to identity of land that was recovered in ejectment, he would in effect go behind the judgment and might put the plaintiff in possession of land that was not intended by the verdict and judgment, on the basis of a conflict of evidence or of a difference of opinion as to the weight of evidence.

3. The land which was sought to be recovered was definitely described in the petition as a tract of land in the southwest corner of the original land lot 216 in the 17th district of Fulton County. There was extrinsic evidence to the effect that the land referred to in the deed which is dealt with in the preceding division was in the southwest corner of the said original land lot. It follows that the deed was not inadmissible in evidence on the ground that the land referred to therein "did not touch the premises in dispute" or that it "was otherwise irrelevant."

4. The defendants offered as evidence and as color of title a duly recorded deed executed in Fulton County, Georgia, March 7, 1898, by Eliza A. Butler (formerly Eliza A. English) to Felix A. Vaughan, which stated the consideration as $400, and purported to convey "all that tract or parcel of land, lying and being in land lot 216 of the 17th district of Fulton County, Georgia, and being

40 acres more or less in the southwest corner of said land lot, and bounded by lands of English, Franklin, Thomason, and others, and being the land conveyed by Albert Howell and A. P. Woodward, administrator of Clark Howell, to Cicero C. English by deed recorded in C4, page 560, Fulton County records, and being the same land set apart and granted to Eliza A. English of the first part, and her minor child Lottie C. English, as a 12 months support, the order granting same having been granted by the ordinary of said county, December term, 1892, and recorded in Book C, page 53. This sale made for the purpose of support and maintenance of said Eliza A. and Lottie C. according to the purview and interest [intent] of said setting apart and grant and the law governing the same." This deed was rejected on the ground that it was void for insufficiency of description, and was irrelevant. The defendants also offered in evidence a certified copy of proceedings in the court of ordinary of Fulton County, commenced in January, 1891, by which a year's support was set aside to Eliza A. English and her minor child, as the widow and minor child of Cicero C. English, deceased. The report of the appraisers in such proceeding, which was duly approved, purported to set apart from the estate of the said Cicero C. English, deceased, "forty acres, more or less, on the south corner of land lot two hundred and sixteen (216), adjoining the lands of English, Franklin, Thomason, and others, said land lying and being in the seventeenth (17th) district of said county." These documents were rejected on the ground that they were void and irrelevant, because they did not sufficiently describe any particular land as set apart by the appraisers. The defendants also offered in evidence a certified copy of the judgment of the court of ordinary of Fulton County, granting letters of administration on the estate of Clark Howell, deceased, and the petition of the administrators to the court of ordinary for leave to sell. The petition sought leave to sell as property of the estate a number of separate tracts of land including "also 40 acres more or less on the northwest corner of lot 216, adjoins the lands of English, Franklin, Thomason, and others. All the above-described lands situate, lying, and being in the 17th dist. of originally Henry, now Fulton County, State of Georgia." The order of the ordinary granted the administrators leave to sell,

48

for the purpose of distribution, all of the land "described in said petition, and which description is hereby made a part of this order." These documents were also rejected on the grounds that they were void for lack of description, that they did not relate to the premises in dispute, and that they were irrelevant. It is unnecessary to repeat the discussion contained in the second division of this opinion. It is sufficient to say that under the principles therein stated and applied all of the foregoing evidence was admissible over the several stated objections interposed separately to the several parts of the documentary evidence, which stated the several grounds upon which the court rejected the evidence.

5. The defendants offered as evidence of title and as color of title a certified copy of a deed executed, December 8, 1888, by "Albert Howell and A. P. Woodward, administrators of the estate of Clark Howell, deceased," purporting to convey, for a consideration of $400, "all that tract or parcel of land lying and being in the State of Georgia, Fulton County, being part of land lot Number 216 in the south portion of said lot of land—commencing at a point on the south side of land lot number 216 and running north to said land line of T. L. English, thence west to original land-lot line, thence south to corner of original land lot, thence east to commencing point; said tract of land is bounded on the east by William Brown, on the north by T. L. English, on the west by Franklin, on the south by Dunnigan; said tract of land contains 40 acres more or less." The deed was recorded December 11, 1888, in Book K3, page 271, of the general records of Fulton County. There was no evidence of an order of the court of ordinary authorizing a sale of the property. This paper was rejected from evidence on the ground that it was void for lack of description and was otherwise irrelevant. The description in this deed sufficiently specified all of the boundaries of the lot, and was sufficiently definite to constitute valid color of title. It was therefore admissible in evidence as against the ground of objection that it was void for uncertainty.

6. The defendants offered in evidence, for the purpose of applying the description of the land as contained in the several documents referred to in the preceding divisions, testimony of a witness, W. E. Brown: "I can go out and identify a piece of land from this description: '40 acres more or less in the southwest cor-

ner of land lot 216, which adjoins the lands of English, Franklin, Thomason, and others.' That is the land which belonged to Eliza Butler and Felix Vaughan." The evidence was objected to on the ground that, the deeds themselves being inadmissible, the testimony of the witness was also inadmissible for the purpose for which it was offered. The court below having sustained the objection to the deeds and excluded them, it was not erroneous to exclude this testimony; but as we have held in the preceding divisions that the deeds were admissible, the foregoing testimony of the witness will be admissible after introduction of the deeds, if offered on another trial for the purpose of applying the descriptive terms as expressed in the deeds.

7. The plaintiff offered testimony of the witness W. E. Brown: "Mrs. Mary D. Howell had two tenants who I knew; they were Dike Brown and McDonald. McDonald stayed there two years, and Dike Brown one year. I don't remember if the years they stayed there were continuous. There was no gap between McDonald and Brown. The tenants were in possession, and I was right there adjoining. I seen them working there. Mrs. Howell would come out and look at the place, to see how they were getting along. They claimed to be tenants of Mrs. Howell. McDonald and Dike Brown are dead. McDonald is alive." The defendants objected to the testimony on the ground that the "fact of the tenancy was based on hearsay testimony, and was not within any of the recognized exceptions to the rule against hearsay." The court overruled the objections and admitted the testimony in evidence. The evidence was admissible as declarations of persons in possession against their interest, and was not objectionable as hearsay. McLeod v. Swain, 87 Ga. 156 (13 S. E. 315, 27 Am. St. R. 229); Hall v. Collier, 146 Ga. 815 (3) (92 S. E. 536); Civil Code, § 5767.

8. The defendants offered the following testimony of the witness Charles A. Vaughan: "In 1898 Felix Vaughan moved into the house on the Pace's Ferry Road. That is in the part of this land now held by Kellum and Davis. It was on a part of the 48-acre tract sold by Mrs. Butler to Felix Vaughan. He stayed there till his death in 1910." To this evidence the plaintiff objected on the ground "that possession of any other part of the 48-acre tract would not show possession of the tract in dispute,

there being no color of title to extend the possession, the deeds under which he claimed not being admissible as color of title." The court sustained the objection and excluded the testimony from evidence. For the reasons stated in the sixth division of this opinion the evidence was inadmissible, on the pending trial.

9. The defendants offered to introduce testimony of A. T. Butler, as follows: "My wife sold the land to Felix Vaughan in 1897 or 1898." This testimony was excluded on the objection that "the sale would be a matter of record." The testimony was inadmissible, because parol evidence is not admissible to prove a link in a chain of title in ejectment when there was an existing deed evidencing the title.

10. The defendants offered testimony of Miss Carrie Vaughan, as follows: "I know Charlie Brown did handle the property for us. I personally don't recollect talking to him much about it. I remember at one time we drove out there to Mr. Brown's house. My brother wanted to see him, and I waited for him. I was there with them. I never had much to say about it; my brother handled most of my business transactions. I saw the wood that was cut by Mr. Brown. I did not see Mr. Brown cut it. I do not recollect any personal conversation with Mr. Brown, no more than that my brother and ·I were out together there, and they were talking about it. They discussed it right by the car. I was not interested any more than hearing it. He talked to Mr. Brown about tending the property. I recollect the conversation, and he did tend it. I did not actually see him tending it. I had personal knowledge, knowing it was happening at the time, but not paying particular attention. Our uncle advised us to let Mr. Brown look after the place, to tend the land for us, look after it and care for it; and he did. He cut trees on it, and we asked him not to let any one else cut trees on it. That continued on up to Mr. Brown's death. I had no personal knowledge, but what my brother told me." The plaintiff objected to the testimony "so far as it relates to what Brown did and having charge of the place and cutting of the timber." The court sustained the objection, stating: "I rule it out; it is hearsay." The witness was testifying as to a conversation between her brother and Brown, the alleged tenant, that occurred in her presence. The testimony was admissible, and the judge should not have excluded it as hearsay

on account of the statement of the witness that "I had no personal knowledge, but what my brother told me."

11. The defendant offered in evidence tax receipts for the years 1914, 1915, and 1921 showing payment of taxes by Van B. Vaughan and Carrie Vaughan, in connection with the testimony of a named witness that "I have examined the real-estate books of Fulton County, Georgia, for the years 1914, 1915, and 1921, and find that the property in dispute was returned by Van B. and Carrie Vaughan for those years." The tax receipts were offered as evidence tending to show the bona fides and notoriety of the defendants' possession. The tax receipts were admissible for the purposes stated.

12. The ruling announced in the twelfth headnote does not require elaboration. *Judgment reversed. All the Justices concur.*