## CHANDLER *v.* RANEY *et al.*

No. 15633. NOVEMBER 14, 1946.

*Fred A. Gillen, Dorsey Davis,* and *James L. Hawkes,* for plaintiff in error.

*O. J. Tolnas,* contra.

WYATT, Justice. ■ When this case was previously before this court (*Yerbey* v. *Chandler,* 194 *Ga.* 263), it was held that, under the will referred to in the defendant's amendment to her answer, the devisees named in the will took a life estate only in the property devised. Under this ruling, which is the law of the case, Mary O. Yerby, under whom the defendant claims title to the land, could convey no greater interest in the property than she possessed, which was a life estate; and under the contract set forth in the amendment, the defendant acquired no interest in the land existing beyond the date of the death of Mary O. Yerby. Accordingly, the averments of the amendment were insufficient to set up a legal defense to the action. Since the amendment sought only to set up legal title in the defendant, and it was insufficient in this respect, the trial court did not err in striking the amendment on motion of the plaintiffs.

■ "A plaintiff in ejectment may recover the premises in dispute, upon his former possession alone, against one who subsequently acquires possession of the land by a mere entry and without any lawful right whatever. . . [Code, § 33-102.] Prior possession is some evidence of title, and is sufficient as a basis for recovery of possession as against a trespasser. *Horton* v. *Murden,* 117 *Ga.* 72 (6) (43 S. E. 786). Evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff." *Terrell* v. *Gould,* 168 *Ga.* 607 (148 S. E. 515), and cit. And in such a case "the defendant can not successfully defend by showing merely that the plaintiff did not in fact have title, or by setting up outstanding title in a third person, unless he connects himself with that title." Powell on Actions for Land, § 301. Nor is entry under a mere claim of right sufficient to defeat a prior possession, for a mere claim of right is not a "lawful right" of entry within the meaning of the Code, § 33-102. See Powell on Actions for Land, § 302.

Applying the foregoing rules, the evidence in this case authorized the verdict in favor of the plaintiffs. The plaintiffs, without connecting themselves with any previous title, offered evidence for the purpose of establishing prior possession and prescriptive title

by twenty-years' adverse possession. Irrespective of whether the evidence was sufficient to establish a prescriptive title, the jury under the evidence was authorized to find that the plaintiffs had prior possession, through a tenant, from which they had been ousted by the defendant without any lawful right of entry. The general grounds of the motion for new trial are without merit.

■ Special ground 1 of the motion for new trial is a mere amplification of the general grounds, and is controlled by the ruling in division 2 of this opinion.

■ Special ground 2, complaining of the failure of the court to charge "specifically as to defendant's right to prevail . . where title is shown to be in third parties," is without merit because there was no written request for such a charge and the evidence did not warrant it.

■ Special ground 3, after setting forth the entire testimony of a witness, Percy Jones, recites that "movant objected to all the testimony of the witness with reference to his possession upon the ground that 'he does not identify the person under whom he claimed to hold possession.'" Irrespective of whether portions of the evidence might have been subject to this objection, an examination of the testimony discloses that the entire testimony of the witness relative to possession was not subject to the objection. Accordingly, this ground of the motion is without merit.

■ In special grounds 4 and 5, complaint is made because the court admitted certain evidence, but both grounds are too incomplete for consideration because the objections urged upon the trial are not shown.

■ Special ground 6 complains of the admission in evidence of tax receipts in the names of Mary F. and Fannie Yerby for the years 1900 to 1933, inclusive. Proof was offered showing that these receipts represented payment of taxes by the plaintiffs on the property in dispute. Under the issues involved in this case, the court did not err in admitting the tax receipts in evidence. See *Crider* v. *Woodward*, 162 *Ga.* 743 (11) (135 S. E. 95) ; *Holton* v. *Mercer*, 195 *Ga.* 47 (23 S. E. 2d, 166).

*Judgment affirmed. All the Justices concur.*