POWELL *v.* POWELL.

ATKINSON, Presiding Justice. 1. The act of 1946 (Ga. L. 1946, p. 90; Code, Ann. Supp., § 30-101), amending the divorce law, and providing for a period of thirty days in which a petition to modify or set aside a judgment for divorce may be filed, did not repeal or modify Code §§ 81-1301, 81-1302, as to the right of amending petitions. Accordingly, there is no merit in the exception made by the husband to the effect that the petition to set aside the judgment, though filed within thirty days, could not thereafter be amended.

2. Where a wife, a resident of DeKalb County, files a suit for divorce in Fulton Superior Court, and the husband files an answer in the nature of a cross-action and a plea to the jurisdiction under Code § 81-501, in which it is asserted that the Superior Court of DeKalb County has jurisdiction, the wife has the right to elect whether to contest the plea to the jurisdiction or to dismiss her suit and proceed in the court so designated; and where, as here, she dismisses her suit, files another in DeKalb Superior Court, and has the husband personally served, this is tantamount to an admission that the plea to the jurisdiction is meritorious, and by such dismissal the court has been divested of jurisdiction of the case before the hearing on the cross-action. Accordingly, where the husband, after being served with a copy of the suit in DeKalb Superior Court, and without notice to the wife, appears in Fulton Superior Court, dismisses his plea to the jurisdiction, and procures a' judgment for divorce on his cross-action, the same is void for the want of jurisdiction of the person, under Code § 110-709, as under the circumstances the court has been divested of jurisdiction of the case before the hearing on the cross-action. Therefore the court did not err in overruling the motion to dismiss the wife's petition to set aside the divorce judgment obtained in Fulton Superior Court.

*Judgment affirmed. All the Justices concur.*

No. 17055. MAY 8, 1950. REHEARING DENIED JUNE 16, 1950.

*Reuben A. Garland* and *Anthony A. Alaimo,* for plaintiff in error.

*Rache Bell,* contra.