## 19174. GORDY v. GORDY.

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 13, 1956.

D. L. Lomenick, Jr., for plaintiff in error.

A. W. Cain, Jr., Painter & Cain, contra.

WYATT, Presiding Justice. 1. (a) It is contended that the decree of divorce was fraudulently obtained for the reason, as alleged in the motion to modify and set aside, that the parties were not legally separated at the time the suit for divorce was filed, and that the parties cohabited together until the day the decree was granted, when the petitioner asked the movant to leave. She alleged that she did leave and go to her mother's for a week, and at that time, at the request of the petitioner, she returned to his home with him, where they continued to cohabit together as man and wife until approximately one week prior to the filing of this motion.

The allegations above stated do not set out good and sufficient grounds for setting aside the judgment of the court below granting a divorce to the petitioner. The allegations to the effect that the parties continued to cohabit together as man and wife until the date of the decree are matters which the movant might properly have urged in her defense to the suit for divorce if she had chosen to do so. She failed to do so, being fully informed of the suit

against her, and she can not now attempt to try her case again upon its merits by a motion to modify and set aside the judgment there obtained. See *Allison* v. *Allison,* 204 *Ga.* 202 (48 S. E. 2d 723) ; *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d 445) ; and *Carnegie* v. *Carnegie,* 206 *Ga.* 77 (55 S. E. 2d 583).

(b)   The allegations of the motion to the effect that the parties have continued to cohabit together as man and wife since the decree was rendered do not amount to good and sufficient grounds for setting aside the judgment for divorce under Code (Ann.) § 30-101. "Good and sufficient grounds" for setting aside a decree of divorce as used in that Code section means good and sufficient grounds which were in existence at the time the decree was rendered and not something that happened after that time.

2.   It is next contended that the decree should be set aside for the reason that the movant was prevented from making her defense to the divorce action because of duress on the part of the petitioner in the divorce suit. Assuming, but not deciding, that duress constitutes "good and sufficient grounds" under Code § 30-101 as can be urged in a motion to set aside a judgment for divorce, rather than by a separate suit in equity, the motion in the instant case fails wholly to allege any duress which would relieve the movant of her duty to appear and make her defense, if any she had, to the divorce suit.

It follows from what has been said above, the judgment of the court below sustaining the demurrer to the motion to modify and set aside the divorce decree was not error.

*Judgment affirmed. All the Justices concur, except Head and Candler, JJ., who dissent. Hawkins, J., concurs in the judgment, but not in all that is said in the opinion.*