### 20031. MOSELEY *v.* MOSELEY.

HAWKINS, Justice. Annie Lou Houseworth Moseley filed suit in DeKalb Superior Court on December 31, 1954, for divorce,

alimony, and custody of minor children, the suit being based on alleged cruel treatment. The defendant, Wayne Gibson Moseley, filed on January 25, 1955, his answer and cross-bill alleging cruel treatment, in which he denied the allegations of cruel treatment in the plaintiff's petition, praying that the prayers of the plaintiff be denied, that he be awarded a total divorce from her, and that he be given temporary and permanent custody of their three minor children. The case came on for trial before a jury on June 6, 1955. The jury returned a verdict granting a total divorce with the right of each party to remarry, the verdict further providing: "The jury grants the plaintiff (1) the real estate lying in land lots 113 and 114, 16th District, DeKalb County, Georgia, as shown on plat of survey marked 'Exhibit 1,' including all buildings, furniture, furnishings, equipment, and livestock located thereon, but excluding store property approximately 125 feet square located at the corner of Evans Mill Road and Mc-Donough-Lithonia Road; (2) alimony in the amount of $35.00 per month until such time as the plaintiff remarries, and (3) child support of $30.00 per month for each of the three daughters, namely, Elizabeth Allene, Cynthia Jean, and Claire John, until such time as they become 18 years of age or marry, whichever event first occurs." On June 6, 1955, the trial judge entered judgment and decree, in which he said "The alimony allowed by the jury is made a part of this decree." On June 27, 1955, a part of the judgment and decree of June 6, 1955, with reference to property rights and custody of children was vacated and set aside by the trial judge, in which order he stated: "The right of the parties hereto to remarry is not vacated nor set aside." On the same date he entered the following order: "After due consideration the judgment of the court dated June 6, 1955, is hereby vacated and set aside. It is the order of the court that the verdict of the jury awarding real property and personal property to the plaintiff and defendant is hereby made a part of this decree. The real property awarded to the plaintiff is described as follows [and then a minute description was given]. . . The plaintiff shall have custody of the said minor children with the right of the defendant to have custody of said children every other week-end from 12:00 Noon on Saturday until 5:00 PM on Sunday, beginning Saturday, June 25, 1955. The defendant shall have custody of the three minor children during the

entire fourth week in the months of June, July, and August of each year beginning in July of 1955. Said week to begin at Noon on the 4th Saturday and end at 5:00 PM on Sunday. The court reserves the right to modify this order of custody of children instanter without proof of a change of conditions. The defendant shall pay to the attorneys of record for the plaintiff the sum of $100.00 as attorneys' fees."

On July 5, 1955, within 30 days from the date of the verdict of the jury and the judgment of the court based thereon, the defendant filed a petition for the modification or setting aside of the verdict and judgment, which he amended (1) on January 22, 1957, (2) on March 5, 1957, and (3) on March 14, 1957. This petition as amended was overruled by the trial judge. In his brief, counsel for the defendant (now plaintiff in error), argues that he is entitled to a modification or setting aside of the verdict and judgment of the trial court on sixteen grounds, which will be dealt with in the opinion. *Held:*

1. "While the act of the General Assembly approved March 6, 1956 (Ga. L. 1956, p. 405), amends Code (Ann.) § 30-101 so as to remove the provisions relative to a decree granting a total divorce not becoming final until the expiration of 30 days from the granting of the decree, and eliminates the provision requiring the filing of a proper written petition to modify or set aside the verdict within thirty days from the rendition and entering thereof" (*Lott* v. *Lott,* 212 *Ga.* 672 (1), 94 S. E. 2d 869), where, as in this case, on June 6, 1955, prior to the approval of the aforementioned act of 1956, a divorce is granted by the jury with an award of permanent alimony, upon which a judgment and decree is entered accordingly the same day, which was later modified or amended by the trial judge, the proper procedure was to file a petition for the modification or setting aside of the verdict and judgment, as was done on July 5, 1955, and, as was held in *Powell* v. *Powell,* 207 *Ga.* 1 (59 S. E. 2d 718), a petition to set aside judgment, filed within 30 days, may be amended.

2. The bill of exceptions recites that, at the final hearing on the petition as amended for the modification or setting aside of the verdict and judgment in the divorce and alimony case before the superior court, "the defendant was allowed by Judge Guess to offer evidence in support of that part of his petition seeking to have a guardian appointed for the plaintiff on the

ground of insanity, to remove her as custodian of the minor children of the parties, to have her examined" by a named doctor for "his findings, opinion, and recommendations concerning her condition," and "that the defendant be awarded custody of his minor children, and that the monthly alimony awarded to plaintiff for their support in the. verdict and judgment be set aside." Aside from the fact that, under Code § 49-601, the ordinaries of the several counties appoint guardians for insane persons, and, under Code § 24-1901, courts of ordinary have authority to exercise original, exclusive and general jurisdiction of the issuing of commissions of lunacy in conformity to law, this court held in *Gordy* v. *Gordy*, 212 *Ga*. 171 (91 S. E. 2d 353) : " 'Good and sufficient grounds' for setting aside a decree of divorce as used in that Code section [Code, Ann., § 30-101; Ga. L. 1946, p. 90] means good and sufficient grounds which were in existence at the time the decree was rendered and not something that happened after that time," and one cannot attempt to try his "case again upon its merits by a motion to modify and set aside the judgment there obtained." Accordingly, this court will not deal with the brief of evidence at the illegal hearing of August 20 and 22, 1957, in the record numbered pages 82 through 111, nor with the assignments of alleged error committed at said hearing as set out in numbered paragraphs 9 through 16 (pages 7 to 33) of the bill of exceptions, and argued in the brief of counsel for the plaintiff in error as grounds 3, 4, 13, 14, and 15, all with reference to admission and rejection of evidence and rulings of the court which occurred at this hearing.

3. Ground 16 complains because the trial judge refused to grant the prayer of defendant for a jury trial on the questions of alleged fact presented in his petition to modify. As stated in division 2, the trial judge exceeded his authority in allowing counsel for the defendant to offer evidence in support of that part of his petition seeking to have a guardian appointed for the plaintiff on the ground of insanity, and to have her examined concerning her condition, and to attempt to try his case again upon its merits. With all this erroneous procedure eliminated, there was no issue of fact involved in the motion to modify and set aside the verdict and judgment, and the trial judge did not err in refusing to grant a jury trial. *Carnegie* v. *Carnegie*, 206 *Ga*. 77 (1) (55 S. E. 2d 583).

4. Ground 1 contends that part of the decree granting custody of the minor children of the parties to the plaintiff should be set aside because the plaintiff is not a fit and suitable person for the care, custody, and control of minor children, and that custody of the minor children should be granted to the defendant. That portion of Code (Ann.) § 30-101 (Ga. L. 1946, p. 90), providing that the "verdict or judgment shall not become final for a period of 30 days," refers to the grant of a "total divorce and permanent alimony," and not to custody of children. Therefore, this ground is without merit.

5. Ground 2 contends that the verdict and judgment should be set aside because the plaintiff admitted she wilfully deserted and left the defendant; ground 9 complains that the court erred in failing to charge that, if the jury believed from the evidence that the plaintiff abandoned the defendant without just cause, this would bar her recovery of alimony for her own support, and that in such event the jury should not award any alimony whatever to the plaintiff for her support; and ground 10 complains that the court erred in not charging the jury that in this State the husband is the head of the family, and as such has the right to fix the matrimonial residence, without the consent of his wife, on the theory that the wife deserted the husband and refused to live at the home he had provided. The petition of the plaintiff and the cross-bill of the defendant each sought a divorce on the ground of cruel treatment, there being no allegation or ground for divorce on the basis of a wilful and continued desertion by either of the parties for the term of one year, as provided by Code (Ann.) § 30-102 (7); and while the cross-action alleged that the defendant returned home on December 30, 1954, and found a note which said the plaintiff had left home, with their children, and that she did not return home, the petition for divorce was filed on December 31, 1954, which clearly indicates that desertion was not involved. Accordingly, since the petition and cross-action were both predicated on cruel treatment, and desertion for a period of one year was in no way involved, these grounds are without merit. *Twilley* v. *Twilley*, 195 *Ga.* 291 (2) (24 S. E. 2d 41). See also *Chandler* v. *Raney*, 201 *Ga.* 544, 548 (40 S. E. 2d 661).

6. Ground 5 contends that the verdict and judgment granting a divorce to the plaintiff on the ground of alleged cruelty of the defendant toward her should be set aside and the verdict

and judgment modified by awarding a total divorce to the defendant. This ground is without merit, since a total divorce was granted between the parties, with the right of each to remarry, and there was evidence to support the verdict.

7. Grounds 6 and 7 complain of two excerpts from the charge, and of the failure of the court to state to the jury that, if they found the plaintiff was entitled to alimony, either from the corpus of the estate or otherwise, it could be awarded only according to the condition of the husband.

(a) The portion of the charge that "The law says that a wife is entitled to alimony, as a matter of law, unless the jury believes from all the evidence in the case that she has forfeited her right to receive alimony," is objected to because it is contended that it authorized the jury to award any amount of money or property to the plaintiff, without any restriction, guide, or principle of law. This contention is without merit, since the court charged the jury: In providing alimony for the minor children, "you can look to the real property that might be possessed by the defendant; you can look to the salary he earns or to any other property or any other income that he may have, and then you would award such sum as you believe would be fair under all the circumstances and the evidence in this case," and the court went further to say, in connection with alimony for the wife: "You would determine whether or not the plaintiff is entitled to alimony and how much should be paid to her. Now you have the same right in awarding alimony to the plaintiff as  .  .  .  I charged you about the children. You could award any real property or any stocks or bonds, any salaries, or any portion of it that the jury saw fit; anything that the evidence shows you that the husband, his income, or his ownership of property— the jury has a right to say what portion of that shall be awarded to the wife as alimony. You can put in there how much he should pay and for how long a time he should pay it and any other thing that the jury wanted to put in there such as restrictions on that alimony." Furthermore, there is no merit in the contention that the judge failed to state to the jury that, if they found the plaintiff was entitled to alimony, it could only be awarded according to the condition of the husband, for a careful reading of the charge as a whole will reveal that he in effect did this.

(b) The excerpt from the charge—that "The defendant comes

in by way of plea and answer in cross-bill and he substantially denies the allegations of the plaintiff's petition with reference to cruel treatment. He alleges and contends that the plaintiff was cruel to him; that she did certain things, as he sets out in his petition here, fussing, quarreling and nagging, that caused him to fear that he might be hurt mentally or physically. He alleges that she did these things intentionally and that they did amount to actual cruelty upon him. He alleges and contends that he is willing to support his wife and the children and to give them a portion of the property, but he asks that this jury take into consideration his earnings and what they have there, or what they have accumulated and to fix the alimony in an amount that he could pay and at the same time enjoy some of the property"—is complained of on the ground that the defendant did not allege and contend that he was willing to support his wife. Paragraph 10 of the petition alleges: "Petitioner shows that the parties hereto own a house and 17 and one-half acres of land located on Klondike Road; and all the house furnishings therein, a 1953 Chevrolet automobile, one cow, and 10 chickens, and other personal effects." In the answer and cross-action, paragraph 6 alleges "That portion of paragraph ten (10) which relates to property owned by the defendant is admitted." In addition, the defendant testified: That he was quite ready and willing to support his wife and children; that he owned a home and approximately 17 acres of land for which he paid about $6,000; that he was willing for "her to have the home" and enough land for a pasture for the cow, all of the furniture in the home, and in addition, "I feel like I can pay them $100 a month," out of his take-home pay of slightly over $300 per month. Therefore, the portion of the charge here complained of was not error.

8. There was no error, as complained of in ground 8, in the court charging the allegations and contentions of the plaintiff with respect to cruel treatment.

9. Ground 11 contends that the court erred in allowing counsel for the plaintiff to make argumentative and illegal statements of a highly prejudicial nature to the defendant in the form of questions to him in the presence and hearing of the jury. So far as the record shows, no objections were made, and no rulings of the court were invoked. Accordingly, this ground is without merit. *Meeks* v. *Meeks*, 209 *Ga.* 588 (1) (74 S. E. 2d 861).

144

10. Ground 12 complains that the court erred in allowing questions and answers on cross-examination of Rev. R. J. Wallace by counsel for the plaintiff at that time over objection of counsel for the defendant. So far as the record shows, the question objected to was not answered, and there was no objection to the questions and answers which followed. This ground is therefore without merit. *Woodward* v. *Fuller*, 145 *Ga.* 252 (8) (88 S. E. 974).

11. There was sufficient evidence to support the verdict awarding a divorce to the wife on the ground of cruel treatment, and the trial judge did not err in denying the motion as amended to modify or set aside the verdict of the jury and the judgment of the court thereon.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1958—DECIDED MAY 7, 1958.

*G. Seals Aiken,* for plaintiff in error.
*Herbert O. Edwards, Thibadeau & Edwards,* contra.