37265. JUNEAU et al. v. JUNEAU et al.

DECIDED SEPTEMBER 24, 1958—
REHEARING DENIED OCTOBER 16, 1958.

*Ben F. Smith,* for plaintiffs in error.

*Smith, Swift, Currie & McGhee, Glover McGhee, Theo. D. Fenster,* contra.

QUILLIAN, Judge. ■ A motion for modification of a divorce decree which does not comply with former Code (Ann.) § 30-101 does not confer upon the judge of the superior court the au-

thority to set aside or modify the decree. *Allison* v. *Allison*, 204 *Ga.* 202, 204 (48 S. E. 2d 723). We do not understand this holding to mean that the judge cannot during the term exercise plenary power over his judgment in divorce cases as in other cases. It was held in a divorce case, *Dover* v. *Dover*, 205 *Ga.* 241 (1) (53 S. E. 2d 492) that, "While this court has held that a judge of the superior court has no authority to entertain in vacation a motion to set aside a judgment of that court and is without jurisdiction to render judgment on such a motion in vacation (*Haskins* v. *State*, 114 *Ga.* 837, 40 S. E. 997; *U. S. Fidelity & Guaranty Co.* v. *First National Bank*, 149 *Ga.* 132 99 S. E. 529), it is well-settled law that a court has plenary control over its judgments, orders, and decrees during the term at which they were made, and, in the exercise of a sound discretion, may revise, revoke, or modify them. *Gaines* v. *Gaines*, 169 *Ga.* 432 (1) (150 S. E. 645); *Lawson* v. *Haygood*, 202 *Ga.* 501 (3) (43 S. E. 2d 649). This power may be exercised by the court, at the same term, on his own motion without notice to either party. *Athens Apartment Corp.* v. *Hill*, 156 *Ga.* 437 (1) (119 S. E. 631); *Jones* v. *Garage Equipment Co.*, 16 *Ga. App.* 596 (85 S. E. 940)."

■ The petition in a divorce case, brought under the former Code (Ann.) § 30-101 praying that a decree previously entered be modified, not revealing the petitioner was not entitled to relief prayed, if defective or insufficient, was amendable. *Powell* v. *Powell*, 207 *Ga.* 1 (59 S. E. 2d 718).

The petition filed by Mrs. Lorene Gentry Juneau, widow of the deceased, in the divorce case between her and a former husband (the petition is set forth in the foregoing statement of fact) praying that the decree previously entered be modified and that she be permitted to remarry, did not disclose that she was not entitled to the relief prayed, and under the holding in *Powell* v. *Powell*, 207 *Ga.* 1, supra, was amendable. Pleadings may in effect be amended by evidence adduced upon the trial. *Franklin Savings & Loan Co.* v. *Branan*, 54 *Ga. App.* 363 (188 S. E. 67). The contrary not appearing, it is presumed that every evidential fact necessary to authorize the judgment removing the present claimant's disabilities and permitting her to remarry was shown to the judge of the superior court.

334

The plaintiffs in error insist, but the record does not show, that the former husband of the widow claimant was not served with her motion to modify the divorce decree. There being nothing in the record from which the contrary may be inferred, it is presumed that service was perfected or waived by the opposite party.

It is held in *Watkins Co. v. Herring*, 51 *Ga. App.* 396 (2), (180 S. E. 525), "Unless a pleading shows on its face that a cause of action does not in fact exist, or the pleading is so utterly defective that it could not be amended at all, or the defect is of such character as renders unenforceable or meaningless a verdict and judgment based thereon, defects in the pleading are cured by the verdict, on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient, necessary for its rendition, which would have been admissible or relevant under any proper amendment. *Rollins* v. *Personal Finance Co.*, 49 *Ga. App.* 365, 366 (175 S. E. 609), and cit.; Code of 1933, § 110-705."

The rule applies to judgments rendered when the judge is the trior of fact. *Tietjen* v. *Merchant's Nat. Bank*, 117 *Ga.* 501, 504 (43 S. E. 730).

■ The judgment in the divorce case to which reference has previously been made was not shown to be void, and could not be collaterally attacked in another case and different forum. *Hood* v. *Hood*, 143 *Ga.* 616 (85 S. E. 849).

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*