THE CITY OF ATLANTA *et al. v.* ANDERSON.

90 481|
'111 559

1. Where a suit for damages was brought jointly against a city and an individual, and an order was passed dismissing the action as to the city "because the declaration shows no cause of action against that defendant," and a verdict was rendered in favor of the other defendant, the granting of a new trial at the instance of the plaintiff does not reopen the case against the city.
2. Two concurring verdicts having been rendered in a divorce case brought by the wife, each finding a total divorce between the parties, and the latter (returned since the adoption of the present

v 90-31

constitution) being silent as to the rights and disabilities of the parties; and a second marriage between the same parties having been subsequently solemnized, after which the wife brought another suit for divorce against her husband to dissolve the second marriage, upon a ground different from that on which the first suit was instituted; and in the second case two verdicts of divorce in the usual form were rendered, the latter relieving the defendant of his disabilities, followed by a decree in accordance therewith, whatever may have been the legal effect of the proceedings in the first case as to the husband's right to marry again, the verdicts and decree in the second case dissolved all marriage ties whatever between these parties, and relieved the husband, so far as his marriages or either of them with this woman were concerned, from all disability to marry again.

3. The court having charged, in effect, that as a result of the proceedings in the first divorce case the defendant was under legal disability to marry and could not lawfully marry the same woman, and that the decree in the second divorce suit relieving him of his disability to marry did not relieve him of the original disability, and consequently his attempted marriage with the plaintiff after the granting of the second divorce did not create between them the relation of husband and wife, and upon his death she did not become his widow, rightly corrected the errors thus committed by granting a new trial.

October 14, 1892.

New trial. Party. Verdict. Marriage and divorce. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1891.

J. B. GOODWIN and J. A. ANDERSON, for plaintiffs in error.

J. H. SMITH and G. S. THOMAS, *contra.*

LUMPKIN, Justice.

1. The City of Atlanta and one Mahoney having been sued jointly for an alleged tort, and the court having dismissed the action as to the city on the ground that "the declaration shows no cause of action against that defendant," this was an adjudication that under the facts set forth in the declaration there could be no lawful recovery against the city by the plaintiff. It does not appear that any exception to this action by the court was in any manner taken by the plaintiff, and the judgment

rendered is binding and conclusive, and must so remain unless legally reversed or set aside. This manifestly would not result from setting aside, on the plaintiff's motion, a verdict in favor of Mahoney, against whom alone the case proceeded after it was dismissed as to the city. Granting the new trial simply left the case as it was before the verdict was rendered, and as it then stood, the judgment of the court had eliminated the city from the case.

2–3. The facts of this case furnish another instance of those strange complications in human affairs which are constantly. being brought to the attention of the courts. Two cases have come before us in one week, in which it appeared that two couples had been twice married and twice divorced from each other. In the present case, we find that a man and a woman were married, and after living together for some time, she obtained a divorce from him on the ground of cruel treatment. Her suit was brought, and one verdict authorizing a total divorce was rendered, before the adoption of the present constitution. The second verdict was returned after this constitution went into effect, and consequently, it was the duty of the jury rendering that verdict to determine the rights and disabilities of the parties. Code, §5166. This verdict, however, simply found in the usual form in favor of a total divorce, and was silent as to whether or not the defendant should again be allowed to marry. Undoubtedly it secured this privilege to the plaintiff; but under the law as heretofore understood and practiced in this State, we are inclined to think it left the defendant under disability to marry, and that this disability prevented his again marrying the wife just divorced or any other woman. See Cobb's Digest, p. 225, Code of 1863, §1683.

. While this state of affairs existed, these parties became reconciled, and concluded to try together another

matrimonial venture. Accordingly, a second marriage
was again solemnized between them in due form of law,
but the course of wedded bliss was again disturbed by
the intemperance of the husband; so the wife brought
another suit for divorce against him expressly to dis-
solve the second marriage, the ground this time being
habitual intoxication. In this case there were two ver-
dicts in proper form authorizing the granting of a total
divorce, and the latter relieved the defendant of his dis-
abilities, and was confirmed by a decree under the terms
of which he could again marry. His mind doubtless
not having been directed to the uncertainty in this re-
spect arising from the proceedings in the first divorce
case, and conceiving, we are quite sure, that he had an
undoubted right to enter into yet another matrimonial
partnership, he married another woman, who survived
him. She, believing herself to be his lawful widow, and
attributing his death to the wrongful and tortious con-
duct of the defendants in this case, brought her action
against them for the injury which she alleges was thus
done to her. At the very threshold she was met by the
contention that she was not the widow of the deceased,
therefore had no legal interest in his life, and had sus-
tained in his death no damage for which she could law-
fully make another liable. We have examined the case
with considerable care and patience, and have anxiously
studied many authorities bearing upon the various ques-
tions arising upon the law applicable to the marriage
and divorce proceedings above mentioned. We have
found none precisely applicable to the facts of the case
with which we are now dealing, but our conclusion is,
that no matter what effect the final verdict in the first
divorce case may have had upon the defendant's right
to marry again, the second verdict in the last case dis-
solved all marriage ties whatever between him and this
woman, and left him free to marry again. It is true the

second suit was expressly brought only to dissolve the second marriage; but it was the right of the parties to that case, and of them alone of all the people in the world, to have submitted to the jury the question as to whether or not the defendant should be relieved of his disabilities. In the exercise of this right the plaintiff, had she chosen to do so, might have asked the jury to refuse this privilege to the defendant; and she could have alleged and proved, as reasons why they should so refuse, all facts pertinent to this issue, among which would be the former divorce and the failure of the jury to declare that he might marry again. No human being other than the plaintiff had any legal interest in preventing the second jury in the last case from relieving the defendant of his disabilities. Therefore, she is bound not only by what she did plead and prove, but by what she might have pleaded and proved; and consequently, we think the effect of the final verdict and decree was an adjudication that, so far as this woman was concerned, the defendant was absolutely set free. Of course we do not mean to say no question of public policy is involved in such proceedings, or that the same should not have due weight with the jury, but none but the parties before the court would have any right to invoke that public policy, or by pleading, evidence or argument endeavor to give it force in a particular case. In the case before us, we have no doubt it was the intention of the jury to make the separation between these parties absolute in all respects. Whether they knew or did not know of the former divorce proceedings, they had this man and this woman before them, and it was their purpose, we are sure, not only to annul the marriage with which they were dealing, but to leave both parties at liberty to marry again in the future. It was not denied by the learned counsel for the plaintiffs in error that the second marriage, whether lawfully contracted

or not, had in all respects been completely set aside, but his contention was that the disabilities imposed upon the husband by the first divorce proceedings were still hanging over him when he sought to contract a second marriage; that, being under a disability to again marry, he had no better right to remarry the woman from whom he had been divorced than to marry any other woman, and therefore, his second marriage with his first wife had been illegally contracted, and was absolutely void. Whether this was so or not, we think that a fair and reasonable view of the whole situation leads to the conclusion we have reached, that this man and woman were completely and finally separated by the proceedings in the second divorce case, and that, as a result thereof, the matrimonial chain between them was effectually severed as to the entire past, leaving no future disability upon either.

The charge of the court (the substance of which is stated in the third head-note) was in conflict with the views herein expressed; and the able judge who made it becoming satisfied, upon reflection, that it was erroneous, properly corrected his own error by granting a new trial. *Judgment affirmed.*