DILLARD *v.* DILLARD.

No. 14853. JUNE 7, 1944.

*Noah J. Stone,* for plaintiff.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ The decree is attacked upon the grounds: (1) that it is not based upon two concurrent verdicts as required by the constitution (Code, § 2-4201), and the statute (Code, § 30-101); (2) that the second verdict being silent as to the disabilities of the husband, the portion of the decree imposing upon him a disability of not being allowed to marry again was unauthorized by the verdict; and (3) that the portion of the Code, § 30-122, which authorizes the court to revise a verdict fixing disabilities, offends the constitution (Code, § 2-4202), and is void. Under the provisions of the constitution (Code, § 2-4201), and the statute (Code, § 30-101), an indispensable requisite to a valid divorce is that two concurrent verdicts be granted. This requirement is not met where the first verdict grants a total divorce to one of the parties, and the second verdict grants a total divorce to the opposite party only. The two verdicts required must be for a total divorce to the same party. This condition is fully met in the present case. The first verdict granted a total divorce to both parties. Therefore it granted a, total divorce in favor of the wife. The second verdict expressly granted a total divorce to the wife, and a total divorce was decreed in her favor, based upon these two concurrent verdicts, each of which had granted a total divorce to her. The sufficiency of these verdicts to support the decree here assailed is unaffected by the fact that the second verdict as it relates to the husband expressly denied him a divorce, while the first verdict granted him a divorce. The constitution and the statute simply require that a divorce decree in favor of the party must be based upon two concurrent verdicts in favor of that party. That is exactly what was done here. This attack upon the decree is without merit. During the pendency of the motion for new trial, the court amended the decree by striking therefrom the provision which prohibited the husband from marrying again.

This action of the court, in thus striking the portion which is complained of in the exception, renders a decision on that question unnecessary. Should this court agree with the plaintiff in error, the most that could be done would be to require a modification of the decree to conform to the judgment of this court; and the decree having already been modified to eliminate the grounds of objection, no decision will be made on that ground. This also eliminates the constitutional question.

■ The amendment to the motion for new trial sets out a long series of questions propounded by the jury to the court, and the court's answers thereto, after first setting out a verdict which was returned into court, and which granted a total divorce to both parties and expressly provided that the husband should not be allowed to marry again. The court refused to receive this verdict, explaining to the jury that if they should find a total divorce for both parties, they would then not be concerned about the subject of disabilities, since the law would fix that matter. The entire colloquy dealt with this subject, and the court instructed the jury that they might find a total divorce in favor of both parties, and in that event they would not deal with the subject of fixing disabilities; but that if they should deny a divorce to either party, they would then determine the question of such party's disabilities. This colloquy covers more than four pages in the record, and it is thought unnecessary to set it forth more fully here. It is contended in this ground that the instruction to the jury was confusing, misleading, damaging, argumentative, and unsound as an abstract principle of law. It is apparent that the court's statements and instructions are not subject to the criticisms made. While it is true that the constitution (Code, § 2-4202) declares that when a divorce is granted the jury rendering the final verdict "shall determine the rights and disabilities of the parties," and the statute (Code, § 30-122), provides substantially the same, and adds a provision for revision by the court, this does not mean that the jury is required to return an inconsistent and contradictory verdict. A jury would not be authorized to annul a marriage that is the only legal obstacle to another marriage and at the same time impose a disability that would prevent another marriage. It is declared in the Code, § 30-119, that "a total divorce shall annul a marriage from the time of its rendition." A proper construction of these provisions is that

they do not relate to disabilities of the party to whom the verdict grants a total divorce. They refer to the disabilities of the party to whom no divorce is granted, and, of course, in a proper case they require the jury to decide the question of permanent alimony. The two verdicts, each of which granted a total divorce, without more, conclusively settle the matter of the disability of the party in favor of whom they are rendered, by removing completely the legal obstacle to his marrying again. There is nothing further that the jury could do concerning the party's disability. It is blotted out by the divorce. It is not intended or even permissible under the law that the jury must, or even may, add to such verdict the wholly contradictory provision that such divorced person be not allowed to marry again. Under the Code, § 30-120, provision is made for a partial divorce which does not remove, in favor of the party to whom the partial divorce is granted, disabilities preventing further marriage; but a verdict for a partial divorce would not require any further action by the jury to fix the rights and disabilities of the party in whose favor such a verdict is returned. It was not erroneous, but entirely proper, for the court to refuse to accept an inconsistent and contradictory verdict which the jury first undertook to return, and the instructions complained of, stating a sound principle of law, are not subject to the criticism that they are unsound as an abstract principle of law. The verdict of the jury did not leave the status of the husband in doubt. While it did not expressly state that he should labor under the disability of not being allowed to marry again, it imposed this condition upon him by expressly finding against his prayer for a total divorce. But if the verdict be construed as being silent on the question of his disabilities, it would effectually leave the husband under the disability of not being allowed to marry again. This restriction is founded upon his marital relation, and it requires an affirmative finding by a jury to eliminate the same. *City of Atlanta* v. *Anderson,* 90 *Ga.* 481 (2) (16 S. E. 209); *Miller* v. *Miller,* 139 *Ga.* 282 (2) (77 S. E. 21). *Judgment affirmed. All the Justices concur.*