## TEAGUE *v.* TEAGUE.

DUCKWORTH, Justice. 1. In an action for divorce, where it appears that both parties "have been guilty of like conduct, . . then no divorce shall be granted; and in all cases, the party sued may plead in defense the conduct of the party suing, and the jury may, on examination of the whole case, refuse a divorce." Code, § 30-109.

(a) Where the husband shows, in support of an alleged ground of cruel treatment, that the wife charged him with unfaithfulness and persisted in nagging him against his protest when he was attempting to sleep at night, made rude and defamatory references to his parents, and repeatedly told him that she did not love him, resulting in serious impairment to his health, testimony of the wife, in support of allegations in her answer, that the husband had devoted undue and improper attentions to another woman, and often stayed out unnecessarily until late and unreasonable hours of the night and neglected her, charges like conduct as contemplated in the Code, § 30-109, supra, the mutual acts tending to hurt and wound the feelings. *Gholston* v. *Gholston*, 31 *Ga.* 625, 635. Accordingly, the trial court did not err in instructing the jury as to the provisions of that section. It is not to be inferred from this ruling and citation of the *Gholston* case, that this Court now approves the distinction made in that case that corporal punishment and acts amounting to mental cruelty do not constitute like conduct as contemplated in § 30-109.

2. While complaint is made in a special ground of the motion for new trial that two witnesses for the defendant were not permitted to testify to certain facts, it appears from the brief of evidence that both witnesses did testify to such facts, but both the motion for new trial and the brief of evidence are duly approved by the trial judge. In these circumstances, this court can not hold that the brief of evidence is not correct, but must reconcile the two statements on the theory that, while at one time the court rejected the testimony, at a later stage of the examination it was admitted, and no cause for new trial is shown. *Woods* v. *State*, 137 *Ga.* 85 (3) (72 S. E. 908); *DeNieff* v. *Howell*, 138 *Ga.* 248 (75 S. E. 202); *Tompkins* v. *American Land Co.*, 139 *Ga.* 377 (6) (77 S. E. 623).

3. The evidence authorized the verdict, and no harmful error of law appearing, the judgment overruling the motion for new trial will not be disturbed. *Judgment affirmed. All the Justices concur.*

No. 14919. SEPTEMBER 8, 1944.

*Joseph D. Quillian,* for plaintiff in error.
*Marvin A. Allison* and *Charles C. Pittard,* contra.