CARNEGIE *v.* CARNEGIE.

HAWKINS, Justice. On January 6, 1948, Thomas M. Carnegie filed in the Superior Court of Camden County, Georgia, his action for divorce against Mrs. Katherine Connor Carnegie, based upon the grounds of adultery and cruel treatment, alleging the defendant to be a non-resident of the State of Georgia and a resident of the State of Massachusetts, and praying for process, for service upon the defendant by publication, and for a total divorce. Service on the defendant by publication was declared by the trial court to have been perfected, although the copy of the published notice mailed to her at the address given in the petition was returned to the clerk unopened. The defendant had actual notice of the pendency of this action in Camden Superior Court, but filed no defensive pleadings, and made no appearance in the court prior to November 1, 1948, on which date a judgment and decree of divorce in favor of the plaintiff was entered by the judge without a jury in the undefended divorce action. Within 30 days from the entering of said judgment, the defendant therein (the plaintiff in error here) filed her written petition to modify and set aside the judgment granted on November 1, 1948, which petition, as amended, denied the material allegations of the plaintiff's original petition, except the jurisdictional allegation that the plaintiff was a resident of Georgia, and had been for twelve months next preceding the filing of the petition, made certain allegations with reference to the pendency of a proceeding instituted by her against Thomas M. Carnegie in the courts of the State of New York wherein she sought a divorce from bed and board and the recovery of alimony for her support, and the proceedings had in that case, which it was alleged was still pending, and further alleged certain acts of adultery and cruel treatment on the part of Thomas M. Carnegie as grounds for granting to her a total divorce; also seeking the recovery of alimony from him for her support, and alleging as a reason for her failure to appear and plead in the suit instituted by him in Camden County, Georgia, that her husband had abandoned her without funds, and in order to maintain herself she was forced to take a position with a rodeo in Europe, and was not in the United States at the time of the trial; but which petition also · disclosed that she was the owner of an interest in real estate and had an independent income of her own, and specifically demanded a trial by jury on all issues raised by said petition. To this petition Thomas M. Carnegie interposed his demurrer upon both general and special grounds,

the first ground of which was: "The said petition does not set forth any good or sufficient ground for modifying or setting aside the judgment of this court heretofore rendered on November 1, 1948." On the hearing the trial court entered the following order and judgment: "The petition of the defendant, Katherine Connor Carnegie, to modify and set aside the judgment and final decree, granted November 1, 1948, coming on to be heard, and at said hearing it being conceded and admitted by counsel for the said defendant that in July, 1948, the law firm of Nightingale & Liles, of Brunswick, Ga., was employed on behalf of said Katherine Connor Carnegie to investigate the question of domicile of Thomas M. Carnegie with reference to the divorce action instituted against her by Thomas M. Carnegie, in Camden Superior Court, and did so investigate and report thereon to counsel in New York then representing the said Katherine Connor Carnegie; and the court being of the opinion that the said petition of the said defendant so seeking to modify and set aside the said divorce decree does not set forth any good or sufficient ground why the said decree should be set aside or modified; and after considering the plaintiff's demurrers thereto; it is: considered, ordered, and adjudged by the court that petition of the defendant, Katherine Connor Carnegie, to modify and set aside the decree of divorce granted to the plaintiff, Thomas M. Carnegie, is denied and the divorce decree of November 1, 1948, shall remain of full force and effect." To this judgment Mrs. Carnegie excepted. *Held:*

1. Under our procedure, it is the province of the court in all civil cases to pass upon the question of the legal sufficiency of the pleadings, and the province of the jury to pass upon issues of fact. *Warner* v. *Robertson,* 13 *Ga.* 370 (2); *Tilley* v. *Cox,* 119 *Ga.* 867, 871 (47 S. E. 219). Thus, where a petition is filed under the provisions of the divorce act of 1946 (Code, Ann. Supp., § 30-101), within the 30-day period after the granting of a divorce by a judge of the superior court without the intervention of a jury, seeking to modify or set aside such judgment, and a jury trial is demanded by the party filing the petition, the legal question of whether the petition sets forth "good and sufficient grounds" for the relief sought is to be determined by the court, and the petitioner is not entitled to have the legal sufficiency of the grounds determined by a jury, although "a jury trial of the issues raised thereby is demanded by any party." Under our procedure, the "issues" there referred to must be held to mean issues of fact only.

2. Where, as here, a defendant wife in a divorce case has filed no defensive pleadings, made no appearance therein, and was not represented in the court prior to the rendition of a judgment granting a divorce to the plaintiff, and the wife presents her timely petition to modify or set aside such judgment, which is not based upon a reconciliation of the parties, and from which it appears that the defendant had actual notice of the pendency of the divorce proceeding in ample time to appear and defend the same and to seek affirmative relief in her own behalf by way of a divorce and alimony, such petition to modify or set aside such judgment must be based upon "good and sufficient grounds" meeting the requirements of a motion for a new trial in substance and form, including a brief of the evidence where the evidence is necessary to the consideration of the grounds alleged. Code, Ann. Supp., § 30-101;

*Allison* v. *Allison,* 204 *Ga.* 202 (48 S. E. 2d, 723); *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d, 445); *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684); *Wrenn* v. *Allen,* 180 *Ga.* 613 (180 S. E. 104). The provision for the filing by a party or person at interest of such a petition to modify or set aside does not entitle the one filing the same to a *de novo* trial as a matter of right when presented within 30 days from the date of the rendition of the judgment or verdict, or to the automatic legislative grant of a new trial. Certain language used in the cases of *Dugas* v. *Dugas,* 201 *Ga.* 190 (39 S. E. 2d, 658), and *Thompson* v. *Thompson,* 203 *Ga.* 128 (45 S. E. 2d, 632), which might be susceptible of such a construction, is obiter dictum, since no such question was presented in either of those cases. *Allison* v. *Allison,* 204 *Ga.* 202, 204 (48 S. E. 2d, 723). Such a petition to modify or set aside, which merely denies the allegations of the plaintiff's petition and sets up a cross-action for divorce and alimony by the defendant, does not allege "good and sufficient grounds."

3. While the petition to modify and set aside the judgment of divorce in the instant case alleges that the defendant therein had pending certain proceedings against the plaintiff in the courts of the State of New York, it does not allege that the court in this State was without jurisdiction because the plaintiff therein had not been a resident of the State of Georgia for a period of twelve months next preceding the filing of his action for divorce in this State; and where in such petition the defendant, a non-resident of the State of Georgia, seeks by way of cross-action in the proceeding in this State to obtain a divorce from the plaintiff and to recover alimony for her support, this will be construed as an admission on her part of jurisdiction in the court, and the allegations that she was prevented from appearing before the rendition of the judgment of divorce because of having been abandoned by the plaintiff and left without funds or means of presenting her defense, and the necessity of obtaining employment with a rodeo performing in Europe, and that she was out of the United States at the time of the trial, show no "good and sufficient grounds," within the meaning of the Code section above referred to, for the modifying or setting aside of such judgment.

4. Georgia Code, Ann. Supp., § 30-116—in prescribing the form of a final judgment of divorce and providing that "Final judgment shall be so prepared as to conform to the pleadings and evidence and may restore the divorced wife's maiden name, if requested. It shall be prepared in form substantially as follows," then setting out the form of a final judgment and decree—does not make it mandatory upon the judge, where a divorce is granted to the plaintiff in an uncontested divorce case, to specifically determine the question of the disabilities of the defendant and as to whether the defendant shall or shall not have the right to remarry, where no such issue is raised by the pleadings or evidence. This section specifically provides that the final judgment "shall be so prepared as to conform to the pleadings and evidence." Thus, where no such question is presented by the pleadings or evidence, the final judgment or verdict in such an uncontested divorce case is not subject to attack by petition to modify or set aside, upon

the ground that it fails to conform to the requirements of the Code merely because it fails to contain a specific finding or judgment as to the disabilities of the defendant. In failing to make reference thereto, the defendant is left under the disability of not being able to contract another marriage. *City of Atlanta* v. *Anderson,* 90 *Ga.* 481 (16 S. E. 209); *Dillard* v. *Dillard,* 197 *Ga.* 726, 729 (30 S. E. 2d, 621); *Miller* v. *Miller,* 139 *Ga.* 282 (2) (77 S. E. 21).

5. Applying the rulings made in the preceding headnotes to the petition of the defendant to modify and set aside the judgment of divorce granted to the plaintiff, the trial court did not err in denying the same, and in refusing to submit it to a jury.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*

No. 16819. OCTOBER 12, 1949.

*Nightingale & Liles,* for plaintiff in error.

*Gowen, Conyers & Dickey,* and *Reese, Bennet & Gilbert,* for defendant.