## 21143. MOON v. MOON.

628

ARGUED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961—RE-
HEARING DENIED FEBRUARY 23, 1961.·

*Joan Larsen,* for plaintiff in error.

*P. C. King, Jr., Mary R. Brady,* contra.

DUCKWORTH, Chief Justice.  The defendant in error has
filed a motion to dismiss the writ of error, in which he alleges
that the court should not consider any assignments of error re-
quiring a consideration of the evidence because the brief of evi-
dence contains immaterial matter. The law (*Code* § 70-305 as
amended, Ga. L. 1953, Nov.-Dec. Sess., p. 440) requires a bona

fide effort to brief only the material evidence. This record, irrespective of immaterial matter in the brief, shows that the plaintiff in error made a bona fide effort to eliminate immaterial matter from the stenographic copy of the evidence, and that, due to the insistence of counsel for the defendant in error, and an order of the court sustaining his insistence, the brief is in its present condition. We will not penalize the plaintiff in error for obeying an order of the judge, by refusing to consider questions depending on the brief even if it contains immaterial matter. The motion is denied, and the brief will be considered.

■ The husband sued for divorce on the ground of cruel treatment, and the wife's cross-action prayed for a divorce on the ground of desertion. The verdict of the jury was: "We the jury find and grant total divorce for both parties." This verdict was authorized by the charge, and the charge so authorizing it is excepted to in the amended motion for a new trial.

Although there was evidence that would sustain the contention of each of the parties, it could not authorize the verdict, which is inconsistent. Dealing with a similar verdict in *Hyndman v. Hyndman,* 208 Ga. 797 (69 S. E. 2d 859), at page 799, this court said: "It is perfectly obvious that, if the wife's separation was caused by the defendant's cruelty, which cruelty was enough to entitle her to a divorce on that ground as found by the jury, then that separation could not possibly have been wilful and voluntary, which would be required in order to justify a verdict granting a divorce to the defendant. The harm in such erroneous charge is demonstrated by the fact that the jury returned a verdict precisely as directed by the charge." In the case just cited, we quoted from *Anthony v. Anthony,* 103 Ga. 250 (29 S. E. 923), as follows: "The meaning of the word 'verdict'—'a true saying' —is set at naught and rendered ridiculous, as applied to the two findings with which we are now undertaking to deal. What 'true saying' can be gathered from these two contradictory sayings? The situation brought about by these findings is anomalous, and can not be tolerated." We quoted as above, hoping to prevent a repetition of the error, but this case, disregarding what we said, repeats the error. All the objections to this charge and the general grounds must be sustained. See *Anthony v. Anthony,* 103 Ga.

250, supra; *Hyde v. Hyde*, 200 Ga. 635 (38 S. E. 2d 287) ; *Rogers v. Rogers*, 202 Ga. 329 (43 S. E. 2d 152).

Where, as here, both the plaintiff and the defendant charged the other with cruel treatment, and there was evidence to sustain each charge, it was reversible error to overrule the amended ground of the motion for new trial assigning error on the failure to charge without request in terms of *Code* § 30-109 that, if the jury found both parties guilty of cruel treatment, the jury should refuse a divorce to either of them. The exception in *Teague v. Teague*, 198 Ga. 239 (31 S. E. 2d 409) was to a charge as provided in *Code* § 30-109, and it was held not error. Here failure so to charge is the complaint, and since the case cited is controlling to the effect that in this case, where like conduct was pleaded and proved, the provisions of *Code* § 30-109, to the effect that a divorce should be denied, were applicable. As repeatedly ruled by this court, it is error to fail without request to charge the jury on material issues made by the pleadings and the evidence. The court erred in failing to charge as contended.

*Judgment reversed. All the Justices concur.*