### 21271. BRACKETT v. BRACKETT.

ARGUED JUNE 13, 1961—DECIDED JULY 6, 1961.

*Reuben A. Garland,* for plaintiff in error.

*Russell G. Turner, Sr.,* contra.

MOBLEY, Justice. ■ In ground 5 of the motion for new trial as amended, the plaintiff in error contends that the court erred in failing to charge that "no divorce shall be granted if the evidence shows and the jury finds that both parties to a marriage of having been guilty of *like conduct* of cruel treatment toward the other, if cruel treatment is the only ground alleged."

Each of the parties charged the other with cruel treatment in that each did fuss, quarrel, and nag at the other and did various things to humiliate and embarrass the other, and did wilfully inflict bodily and mental pain upon the other, and there was evidence to support each charge.

Accordingly, as was held by this court in a unanimous opinion in *Moon v. Moon,* 216 Ga. 627 (118 SE2d 473), "it was reversible error to overrule the amended ground of the motion for new trial assigning error on the failure to charge without request in terms of *Code* § 30-109 that, if the jury found both parties guilty of cruel treatment, the jury should refuse a divorce to either of them." The defendant in error contends that the *Moon* case is not controlling here for two reasons: First, that the ruling made in division three of that case is obiter dictum because there the plaintiff's ground for divorce was cruel treatment and the defendant's cross-action was based on desertion. The effect of the ruling in the *Moon* case is that, even though the grounds upon which the parties seek divorce may in one instance be cruel treatment and in the other desertion, nevertheless, it is reversible error where there is evidence that both parties have been guilty of like conduct to fail to charge, without request, that, "if both parties have been guilty of like conduct, then no divorce shall be granted," as provided in *Code* § 30-109.

There was evidence in the *Moon* case that both parties had been guilty of fussing and nagging at each other and other like conduct. While we are not required to go as far as in the *Moon* case, for in this case not only was there evidence of like conduct on the part of both parties, but the pleadings charged each with like conduct, we are of the opinion that the principle enunciated in *Code* § 30-109, that, where both parties to a divorce action are

guilty of like conduct, a divorce will be denied to both, was properly applied in the *Moon* case, and that it was reversible error in the case *sub judice* to fail to charge, without request, the provisions of that section. See *Fuller v. Fuller,* 108 Ga. 256 (5) (33 SE 865); *Cohen v. Cohen,* 196 Ga. 562 (5) (27 SE2d 28); *Teague v. Teague,* 198 Ga. 239 (31 SE2d 409); *Hyndman v. Hyndman,* 208 Ga. 797, 799 (69 SE2d 859).

Secondly, the defendant in error contends that the older case of *Lowry v. Lowry,* 170 Ga. 349 (153 SE 11, 70 ALR 488), is the controlling case and should be followed here.

The ruling in the *Lowry* case was that it was error for the trial court to charge the jury "that if you grant one of the parties a divorce, you should not grant the other party a divorce, but you might remove the disabilities of the other party if you see fit to do so. . ." There the plaintiff had sought a divorce on the grounds of cruel treatment, and the wife in her cross-action also asked for divorce on grounds of cruel treatment. The ruling of the court was "when a libel for divorce is instituted, the respondent may, in his or her plea and answer, recriminate, and ask a divorce in his or her favor; and if on the trial the jury believe such party is entitled to a divorce instead of the libelant, they may so find upon legal proof, so as to avoid the necessity of a cross-action. Civil Code (1910), § 2952 [*Code* § 30-106]. This being so, both parties may be entitled to a judgment of divorce; and it follows that the court erred in giving this instruction to the jury. *Owen v. Owen,* 54 Ga. 526." P. 354.

The Code section cited in the *Lowry* case, § 2952 (*Code* § 30-106), does not support the court's conclusion that, by reason of that section, "both parties may be entitled to a judgment of divorce . . ." for the Code section clearly provides that a respondent in a divorce action may recriminate and ask for a divorce, (*and not that both parties may be granted a divorce*), but that, "if, on the trial, the court or jury believe that such party [the respondent], *instead of the petitioner,* is entitled to divorce, they may so find upon legal proof, so as to avoid the necessity of a cross-action." Nor does *Owen v. Owen,* 54 Ga. 526, supra, cited in support of this ruling, support same, for that

case simply held: "It appears from the record in this case, that the plaintiff brought her action against the defendant for a divorce on the grounds alleged therein; and that the defendant, under the provisions of the 1718th section of the Code, filed his answer and asked for a divorce in his favor from the plaintiff on the ground therein stated. When the case came on for trial, the plaintiff's evidence failed to prove any sufficient cause for a divorce against the defendant. The defendant then offered to introduce evidence in support of the allegation contained in his answer against the plaintiff, for the purpose of obtaining a divorce in his favor against her, which the court refused to allow him to do, and dismissed the case, whereupon the defendant excepted. In our judgment, the court erred in refusing to allow the defendant to introduce evidence in support of the allegation contained in his answer and in dismissing the case."

However, should *Lowry v. Lowry* be considered sound, it is not binding in this case, for here the defendant excepts to the failure of the trial court to charge the' provision of *Code* § 30-109, that, if both parties are guilty of like conduct, no divorce for either may be granted, while that issue was not raised, referred to, or passed upon by the court in the *Lowry* case. "Where a decision is in conflict with a previous statutory enactment, to which the decision itself has made no reference, and the decision is made without reviewing or in any way construing the statute, the decision can subsequently be rejected as authority for the proposition announced, without being brought under review and formally overruled. It being a choice between an act of the legislature and a subsequently conflicting decision of the court, the act of the legislature speaks with imperative and controlling authority and must be followed in preference to the judicial utterance in conflict therewith." *Central of Ga. Ry. Co. v. Jones,* 28 Ga. App. 258, 261, 262 (110 SE 914). That is a sound pronouncement of law applicable to the *Lowry* case; also to the decision in *Singleton v. Singleton,* 202 Ga. 269 (1) (42 SE2d 737), where this court approved the grant of a divorce to both the plaintiff and defendant where both were suing on the ground of cruel treatment, for there no question was raised as to the requirement that the court must charge that no

divorce can be granted where the parties are guilty of like conduct. See also *Dillard v. Dillard,* 197 Ga. 726 (30 SE2d 621), where the same would apply.

Counsel cite no case, and we are unable to find one, which holds that it is not error to fail to charge, without request, that "if both parties have been guilty of like conduct . . . then no divorce shall be granted" as provided in *Code* § 30-109. The court erred in failing so to charge in this case.

This ruling disposes of special ground 6 and renders unnecessary a ruling on the general grounds.

■ In special ground 4 the plaintiff in error excepts to the following charge of the court: "Now, gentlemen, wilful cruel treatment is a ground recognized by the State of Georgia for divorce, and where in a petition or cross-petition it is charged and where the evidence before the jury is that it existed, and they so found, it would be the duty of the jury to grant a divorce, insofar as that particular phase of the case is concerned to the party who was aggrieved." The plaintiff in error excepts on the ground that the charge is contrary to law in that it is not the *duty* of a jury to grant a divorce where cruel treatment is charged as a ground of divorce, and the evidence establishes the charge.

*Code Ann.* § 30-101 provides: "Total divorces in proper cases *may* be granted by the superior court." (Italics ours). *Code* § 30-102 provides: "The following grounds shall be sufficient to *authorize* the granting of a divorce: [Grounds 1 through 11, including ground 10, cruel treatment] . . . ." (Italics ours.)

The question presented is whether the jury "may" or is "authorized" to grant a divorce where the evidence establishes the ground of cruelty as charged, or whether it is the "duty" of the jury to grant the divorce under such circumstances.

It is well recognized that a divorce suit affects not merely the formal parties before the court, but society at large. *Haygood v. Haygood,* 190 Ga. 445 (9 SE2d 834, 130 ALR 87); *Boykin v. Martocello,* 194 Ga. 867 (22 SE2d 790); *Cohen v. Cohen,* 209 Ga. 459 (2) (74 SE2d 95). To protect society's interest in divorce actions, *Code* § 30-129 provides that in undefended divorce actions the judge shall see that the grounds are legal and

sustained by proof, or he may appoint the·solicitor-general, or other attorney, to discharge that duty for him. *Code* § 30-124 provides that the divorced person may resist removal of the disabilities of the opposite party and, should no person resist the removal, the solicitor-general shall represent the State with full power to resist such removal. *Code Ann.* § 30-113 provides that no verdict or judgment by default shall be taken in a divorce case. The amendment to the pleading and practice act of 1946 (*Code Ann.* §§ 110-401, 110-403), providing for default judgments, does not apply to divorce cases. *Cohen v. Cohen,* supra. The policy of the State since the adoption of the Constitution of 1798 has been "to hinder facility in the procurement of divorces." *Watts v. Watts,* 130 Ga. 683 (61 SE 593). "The procedure, pleading, and practice fixed by' our Constitution and by our legislative enactments for divorce suits are different from those prescribed for other civil actions." *Cohen v. Cohen,* supra, p. 461.

While this court has never specifically held that it would be error for the judge of a trial court to direct a verdict for divorce, Justice Lumpkin, speaking for the court in *Rorie v. Rorie,* 132 Ga. 719 (64 SE 1070), at page 724 had this to say: "It may be gravely doubted if ·it would not be erroneous for him [the judge] to direct a verdict granting a total divorce in any case." His specific ruling was that it was error under the evidence to direct a verdict for divorce in that case.

The policy of this State as to the granting of divorces, outlined above, and clearly indicated by enactments of the General Assembly providing that superior courts "may" and are "authorized" to grant divorces on enumerated grounds, and not required to do so, that default verdicts and judgments may not be taken in divorce cases; that the solicitor-general shall represent the State in certain instances in protecting the interests of society and of the State in divorce cases, makes clear that it is never the *duty* of the jury to find for a divorce, but they *may* and are *authorized* to do so where the evidence establishes the ground upon which the action is brought.

·Accordingly, the trial court erred in instructing the jury that it was their duty to grant the plaintiff a divorce if they found

that the evidence established cruel treatment as alleged as ground for divorce.

*Judgment reversed. All the Justices concur.*