### 21643. PERLOTTE v. PERLOTTE.

DUCKWORTH, Chief Justice. 1. It is reversible error to charge a jury in a divorce case that, if the jury grants one party a divorce as a matter of law, the opposite party should also be granted a divorce. While some lower courts seemingly have misconstrued the 1960 amendment to *Code Ann.* § 30-122 (Ga. L. 1960, pp. 1024, 1025), "rights and disabilities" and "divorce" are not synonymous terms. See *Moon v. Moon,* 216 Ga. 627 (118 SE2d 473); *McCartney v. McCartney,* 217 Ga. 200 (121 SE2d 785). Since the contentions of the parties here diametrically oppose each other, the charge was confusing, misleading, erroneous, and harmful, and not a correct abstract principle of law, and the movant having properly assigned error thereon, it was error not to grant the motion for new trial on this special ground.

2. While the defendant prayed for a divorce and merely denied the cruel treatment alleged to have been committed by him, yet his evidence of cruel treatment, unexcepted to, amounted

to an amendment setting out cruel treatment as his ground for divorce; and it was erroneous for the court to instruct the jury that the defendant was not asking for a divorce. The court having failed to understand the issues before it, and the charge having failed to correctly state the contentions of the parties, it was reversible error to charge as above, and the special ground complaining of this excerpt from the charge is also meritorious. See *Whelchel v. Gainesville & Dahlonega Elec. R. Co.*, 116 Ga. 431 (3) (42 SE 776); *Hightower v. Ansley*, 126 Ga. 8 (6) (54 SE 939, 7 AC 927).

3. The verdict of the jury granting a divorce to both parties, while authorized by the charge which is criticized above, is inconsistent, since the parties charge each other with like conduct of cruelty by mistreatment, and both offered evidence to sustain these contentions. *Code* § 30-109; *Brackett v. Brackett*, 217 Ga. 84 (121 SE2d 146); *Moon v. Moon*, 216 Ga. 627, supra; *McCartney v. McCartney*, 217 Ga. 200, supra. Therefore the objections complained of in the special grounds and the general grounds also must be sustained.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1962—DECIDED MAY 21, 1962.

*Colley & Orr, Wilbur A. Orr, Jr.*, for plaintiff in error.
*Jean William Pierce*, contra.