23578.   SCHWARTZ v. SCHWARTZ.

ARGUED JULY 13, 1966—DECIDED SEPTEMBER 9, 1966.

*Martin McFarland,* for appellant.

*Jacobs & Jacobs, Harris Jacobs, Shulman & Alembik, Arnold Shulman,* for appellee.

MOBLEY, Justice. The husband filed his petition for divorce against his wife alleging cruel treatment. as his ground. The defendant in her answer denied that she was guilty of cruel treatment and alleged that the husband was guilty of adultery since their separation. She did not pray for a divorce. The jury found a verdict in favor of divorce for the husband and permitted both parties to re-marry. Judgment was entered accordingly. The wife appealed from the verdict and judgment and filed her enumeration of errors alleging numerous errors.

■ Error number 9 alleges that the court erred in charging the jury that should they "be satisfied that the defendant has been guilty of grounds for which plaintiff sues for divorce then you *must* grant a divorce." This court, in a unanimous opinion in *Brackett v. Brackett,* 217 Ga. 84 (121 SE2d 146), held that such a charge is error requiring a new trial, as the jury "may" or is "authorized" to grant a divorce but is never required nor under any duty to do so. That case was followed in *Reynolds v. Reynolds,* 217 Ga. 234, 269 (21) (123 SE2d 115), a unanimous decision. The charge was error requiring a new trial.

■ In view of the ruling in Division 1, we will deal only with those alleged errors that might occur on another trial. Enumerated error 2 which alleges that the court erred in failing to charge without request that portion of the provision of *Code* § 30-109 that ". . . if both parties have been guilty of like conduct, . . . then no divorce shall be granted . . ." is not meritorious. The plaintiff charged the wife with cruel treatment, as a cause of their separation, and she charged him with adultery after the separation, but did not pray for a divorce. This court in *Moon v. Moon,* 216 Ga. 627 (3) (118 SE2d 473) held that where the petition charges the defendant with cruel treatment and the defendant charges plaintiff with cruel treatment and there is evidence to support both, it is reversible error to fail to charge that the jury should deny a divorce to either if the jury found the evidence supported both charges. This ruling was followed in *Brackett v. Brackett,* supra, Division 1, and in *Reynolds v. Reynolds,* supra, Division 21. In the latter case the defendant requested the charge.

In *Teague v. Teague,* 198 Ga. 239 (1) .(31 SE2d 409) where

the husband alleged cruel treatment, nagging, fussing, making defamatory statements about his parents, and telling him she did not love him, as ground for divorce, and the wife alleged that he paid improper attention to another, stayed out until late and unreasonable hours at night and neglected her, this court held that these allegations charged like conduct as contemplated by *Code* § 30-109 as "the mutual acts tended to hurt and wound the feelings." In each case on this question cited above both parties have charged cruel treatment which, of course, is like conduct. What is like conduct has not otherwise been defined. We do not think like conduct has been charged in this case. The husband's petition alleges the separation in June 1959 because of cruel treatment as set out above, all occurring prior to their separation. On April 3, 1961, a consent judgment and order of separation was entered in a New York court under which custody of the child was awarded the mother and support for the wife and child were provided. In December, 1961, he secured a Mexican divorce and re-married and has since lived with his wife, by whom he has two children, which constitutes the evidence of alleged adultery on the part of the husband.

Where, as here, the ground of divorce of the husband is cruel treatment occurring prior to the separation in 1959 and the wife's charge in her answer is adultery, which the evidence shows began after a Mexican divorce in 1961, this is not such "like conduct" as is contemplated by *Code* § 30-109. It was not error for the trial court to fail to charge thereon.

■ As to enumerated error 3, the court was in error in charging that "the only issues with which the jury would be concerned as far as the cross action is her needs and his ability to meet those needs," because her needs were not an issue for the jury, as that issue was settled by the decree of the New York court, and the court recognized that decree by making it a part of its judgment. There actually was no cross action, as the wife did not pray for divorce or alimony and support but denied the husband's allegations of cruel treatment and alleged that he had committed adultery.

■ Enumerated error 8 alleges that it was error for the court to charge that a divorce granted the plaintiff "would auto-

matically be granting a divorce to the defendant, and would remove the disabilities of each party insofar as the right to remarry is concerned." "It is reversible error to charge a jury in a divorce case that, if the jury grants one party a divorce as a matter of law, the opposite party should also be granted a divorce." *Perlotte v. Perlotte*, 218 Ga. 27 (126 SE2d 220). The granting of a divorce to one party does not automatically grant the other party a divorce. Thus, that portion of the charge as to divorce was erroneous. The amendment of Ga. L. 1960, pp. 1024, 1025 to *Code Ann.* § 30-122 which provides ". . . that no person shall be placed under disabilities unless there is in the pleadings a special prayer that he be placed under disabilities . . ." does not mean that the granting of a divorce to one party automatically grants the other party a divorce as the words "rights and disabilities" and "divorce" are not synonymous terms. *Perlotte v. Perlotte*, supra. The charge as to removal of disabilities insofar as the right to remarry was correct.

■ Enumerated errors 10 and 11 complain that the court failed to charge on adultery of the husband. The wife did not, as appellant contends, file a cross bill. She did not seek a divorce, but simply answered denying the allegations of his petition and alleged that her husband had been guilty of adultery, which the record shows was since their separation, since he procured a Mexican divorce, and up to the time he was notified in July, 1964, that his Mexican divorce had been set aside. There was no request for a charge on adultery. It was not error for the court to fail to charge on the question of adultery.

■ The other enumerated errors including those contending that the jury returned two verdicts, that it used the word "parties" when it should have used "party," are not likely to occur on the new trial of this case.

*Judgment reversed. All the Justices concur.*