### 24774.    HENDRIX v. HENDRIX.

Undercofler, Justice. This is an appeal from an action for divorce and alimony raising questions as to the division of the parties' property. The petition alleged that the plaintiff and the defendant jointly owned the household furniture and fixtures located in the family home; that she owned a lot on which two dwelling houses are located of the approximate value of $8,000 with a $1,793.76 encumbrance thereon; and that the defendant owned an automobile of the approximate value of $2,000.

The defendant in his answer and cross claim asserted that prior to his marriage to the plaintiff he purchased land in her name adjacent to land then owned by her, that after the marriage he expended all of his life savings in building, furnishing and landscaping a new residence on the land owned by the plaintiff, that all of these expenditures were made as the result of the plaintiff's prior promise and representations that she would convey a one-half undivided interest in all of said property to him and that he would have a home there as long as he lived. He asserts that he has

expended in excess of $20,000 for the above purposes in addition to the value of his own labor and that the property is worth at least $35,000 as a result of the improvements which he has made thereon. He demanded that the plaintiff's prayers be denied, that a division of the property described in the petition be made so as to recompense him fairly for his expenditures thereon, and that the property be impressed with a lien in his favor.

The defendant testified that prior to the marriage and in reliance on plaintiff's promise to convey to him a one-half interest in the property, he purchased for $800 land which she had previously sold adjacent to her 7-acre tract; that he had the house on the 7-acre tract moved to a better location; that after the marriage on September 24, 1964, they concluded it would be too expensive to remodel the old dwelling house on the property and decided to build a new house; that they lived in his apartment from the time they were married until February 1965, when they moved into the new house; that when the new house was just about completed, she told him she had changed her mind about making a joint deed to him; that in May 1965, she told him she was going to get a divorce and had hired a lawyer; and that the parties continued to occupy the same house until May 5, 1967, when the plaintiff had him evicted. The plaintiff's evidence showed that the property purchased by the defendant prior to the marriage was a gift to her; that she did not ask him to build her a new house; that she had no part in the planning or building of it; that she did not tell him that she would deed him a one-half interest in the property; and that the balance due on the mortgage is now $1,300. The evidence showed the value of the property without the new house was between $7,500 and $10,000; that the value of the new house was between $8,700 and $12,000; and that the value of the furniture was about $2,000. The defendant, however, testified that all of the property was worth $35,000.

The evidence of cruel treatment was conflicting.

The jury rendered its verdict and the court entered judgment thereon granting a divorce to the plaintiff, awarding the new house with all of the furniture and fixtures therein with one-half acre of land immediately surrounding it to the defendant on condition that he pay the plaintiff $2,500, finding that the plaintiff was not entitled to alimony, and awarding to the

plaintiff all furniture owned by her prior to the marriage. The plaintiff filed a motion for new trial which was overruled by the trial judge and she filed a notice of appeal to this court from this ruling and the judgment on the verdict. *Held:*

All of the enumerations of error in this case complain of the charges of the court relating to the cross action of the defendant seeking a division of the property and the contention of the wife that the general grounds of her motion for new trial should not have been overruled by the trial judge. These enumerations of error are without merit.

" 'Proceedings for a divorce and for alimony have always, under the practice in this State, been regarded as equitable.' *Rogers v. Rogers,* 103 Ga. 763, 765 (30 SE 659); *Moss v. Moss,* 196 Ga. 340, 345 (26 SE2d 628). It is provided in Ga. L. 1946, pp. 90, 91 (*Code Ann.* § 30-105) that in actions for divorce where the 'division of property is involved,' the petition shall show the property and earnings of each party. *Code* § 30-118 provides: 'The verdicts of juries disposing of the property in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in courts of equity, as will effectually and fully execute the same.' These provisions of our divorce statutes certainly indicate that settlement of property rights can be made in a divorce action." *Goodwill v. Goodwill,* 221 Ga. 757, 759 (147 SE2d 313).

Where, as here, title to the property was in duspute and the evidence was in conflict, the jury was authorized to find from the evidence that the husband expended his funds in reliance on the promise of the wife to deed him one half of the property and was authorized to award to him the property described in the judgment on condition that he pay the wife $2,500. *Price v. Price,* 205 Ga. 623 (1) (54 SE2d 578); *Davis v. Davis,* 216 Ga. 305, 309 (2) (116 SE2d 219); *Ashbaugh v. Ashbaugh,* 222 Ga. 811 (1) (152 SE2d 888); and *Burgess v. Burgess,* 224 Ga. 180 (160 SE2d 589).

The charges of the court conformed to the law and the evidence and were not erroneous.

*Judgment affirmed. All the Justices concur.*

Submitted September 9, 1968—Decided October 10, 1968.

*Pritchard & Thomas, M. C. Pritchard,* for appellant.
*Leon A. Wilson, II,* for appellee.