## 28763. FREDETTE v. FREDETTE.

PER CURIAM.

This appeal is from a judgment in a divorce and alimony case. The appellant contends that the verdict of the jury was improperly and illegally entered, and that a new trial, pursuant to his timely filed motion, should have been granted.

The wife (appellee) filed her action for divorce and alimony. The husband (appellant) filed responsive pleadings which included a written demand for a jury trial. The case was tried before a jury; the appellant was not present at the trial; and the appellant's former counsel, who had withdrawn from the case prior to the trial because the defendant refused to appear, was not present at the trial. A verdict and judgment were entered in the case, and appellant's former counsel forwarded him a copy of the judgment. Appellant then employed another attorney who filed a motion for a new trial in the case within thirty days after the entry of the judgment. The trial judge conducted a hearing on the motion for a new trial at which time evidence was introduced, and he then entered a judgment denying a new trial.

The evidence at the original trial was not reported, and there is no transcript. However, the evidence presented at the hearing of the motion for a new trial was reported, and a transcript of that hearing was included in the record on appeal. It shows that the jury at the original trial did not retire from the jury box to deliberate upon a verdict; and it shows that a written verdict prepared by appellee's counsel was presented to the jury and signed by the foreman of the jury.

The verdict of the jury is in writing and signed by the foreman. It states, "The within and foregoing case having been presented to the jury, after presentation of evidence, as provided by law, it is the verdict of the jury . . ." The court's judgment entered upon the verdict recites, "This cause of action having been heard before the jury after consideration having found in favor of the plaintiff." *Held:*

The evidence is sufficient to support the finding of

the trial judge.
*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

ARGUED APRIL 9, 1974 — DECIDED OCTOBER 1, 1974 — REHEARING DENIED OCTOBER 25, 1974.

*Hunter & Robins, John Calvin Hunter,* for appellant.
*Swertfeger, Scott, Pike & Simmons, Joseph Szczecko,* for appellee.

GUNTER, Justice, dissenting.
I think that appellant's motion for a new trial should have been granted in this case. The transcript of the evidence presented at the hearing on appellant's motion for a new trial clearly shows what transpired at the trial of the case even though the original trial was not reported.

The evidence presented at the hearing on the motion for new trial showed that a three-page, typewritten verdict, prepared by appellee's attorney prior to the trial, was presented to the jury following the close of the evidence. The appellant was not present at the trial, nor was he represented by counsel.

The verdict presented to the jury was as follows: The within and foregoing case having been presented to the jury, after presentation of evidence, as provided by law, it is the verdict of the jury that a total divorce be granted to the plaintiff, that is to say a divorce a vinculo matrimonii, between the parties to the above stated case, upon legal principles.

(1) Permanent custody of Laurie Jean Fredette, age 7, and Richard Alfred Fredette, age 11, to wife. Defendant is granted no legal right of visitation and plaintiff shall have sole discretion as regards defendant's visitation privileges with the minor children.

(2) Title to the house located at 5919 Christopher Lane, Lithonia, DeKalb County, Georgia, is given to wife.

(3) Title to the furniture, furnishings, appliances, and other personal property of any type or character now located at 5919 Christopher Lane, is hereby given to wife.

Wife is also given permanent and exclusive use, possession and title to the antique mantel clock, china cabinet, garden tools, power mower, ladder and all other house and garden tools to which title was vested in the parties as of the date of this Court's Order of March 27, 1973.

(4) Wife is hereby awarded exclusive ownership of all policies of life insurance owned by the defendant at the time of this Court's Order of March 27, 1973, including but not limited to the following: (a) Prudential insurance policy No. 27889374; (b) Prudential insurance policy No. 27722840; (c) Prudential insurance police No. 35966301; (d) Veterans Administration Life insurance policy No. FRH17945463.

Further, defendant is required to continue all premium payments on said policies until such time as plaintiff dies or remarries.

(5) Plaintiff is awarded the 1968 Plymouth automobile and the 1965 Volkswagen automobile. Ownership entitled to these automobiles is hereby vested in wife.

(6) Defendant shall pay to plaintiff as alimony the sum of $200 per month, beginning October 5th, 1973 until wife dies or remarries.

(7) Defendant shall pay to plaintiff as support for each of minor children the sum of $200 per month for each child or a total of $400 per month. Said support payments shall begin on October 5th, 1973 and shall continue until both said children become of legal age, die, or marry.

(8) Defendant shall be responsible for all medical and dental expenses of the children. The Defendant is ordered to maintain his medical insurance coverage which he had at the time of this Court's Order of March 27, 1973, or shall obtain and maintain comparable coverage.

(9) The jury finds that the defendant is indebted to plaintiff in the amount of $4,305.69 and awards this sum to wife as alimony in addition to the amounts previously awarded.

(10) The indebtedness of the defendant under the terms of this verdict, as regards child support, shall be

a debt against the estate of the husband and shall be enforceable thereupon.

(11) Defendant is to pay for all of the outstanding obligations and indebtedness of wife, for the necessities of said wife and minor children, as are outstanding as of the date of this Order.

This the 1st day of October, 1973.

William E. Cashbaugh, a juror at the trial, testified that the verdict was presented to him by appellee's counsel, that he was not elected by the other jurors as foreman of the jury but was asked by the trial judge to serve as foreman, the verdict was read to the jurors by appellee's attorney prior to its being presented to the witness, the jurors did not retire from the jury box or deliberate upon the verdict, and the witness signed the prepared verdict when it was presented to him.

The attorney for the appellee testified that the verdict presented to the jury had been prepared in his office prior to the trial, and that the evidence introduced at the trial supported the verdict.

It is my view that what occurred at the original trial was the equivalent of a directed verdict, and a directed verdict in a divorce case when properly attacked in a timely manner, as in this case, cannot stand.

A demand for a jury trial was properly filed by the appellant in this case, and if a demand for a jury trial is properly filed in a divorce case, the jury, not the judge, must pass upon the issues in the case. Code Ann. § 30-101; *McLarin v. McLarin,* 224 Ga. 675 (163 SE2d 914) (1968).

Code Ann. § 30-113 provides that no verdict or judgment by default shall be taken in a divorce case, and the allegations in the pleadings must be established by evidence. Therefore, neither a default judgment nor a directed verdict for divorce is legally proper if a demand for jury trial has been made. In such a situation, the jury must deliberate on whatever evidence is presented and then reach a verdict. See *Brackett v. Brackett,* 217 Ga. 84 (121 SE2d 146) (1961); *Schwartz v. Schwartz,* 222 Ga. 460 (150 SE2d 809) (1966); and *Benefield v. Benefield,* 224 Ga. 208 (160 SE2d 895) (1968).

While the evidence at the trial may have supported the verdict rendered, it is quite obvious to me that the

evidence could not possibly have demanded the verdict rendered. I conclude that the procedure surrounding the rendition of the verdict in this case amounted to the equivalent of a verdict directed by the court which is improper in divorce actions tried before a jury. Such a procedure in a divorce and alimony case, even though the opposite party is not present or represented by counsel at the trial, permits, in my opinion, an atmosphere of injustice to pervade our judicial system. I cannot lend my approval to the procedure exhibited by the record in this case, and I would reverse the judgment and grant the appellant a new trial.

I respectfully dissent.

I am authorized to state that Justice Ingram joins in this dissent.