## 29755. BLOIS v. BLOIS.

HILL, Justice.

This is an appeal by the wife from a divorce judgment granted to her husband upon his complaint based on alleged cruel treatment. The jury awarded alimony of $60 a month to the wife but she steadfastly has opposed the divorce, alleging that he deserted her.

1. Appellant contends that the trial court erred in not granting her motion for a new trial on the general grounds. After examining the evidence, we find it sufficient to justify the jury's verdict granting a divorce based on cruel treatment. *Morehead v. Morehead,* 227 Ga. 428 (181 SE2d 59).

2. Appellant enumerates as error the trial judge's refusal to give two requests for charge in its instructions to the jury. One such request was: "Proceedings for a divorce and alimony in this State have always been regarded as equitable proceedings. (224 Ga. 662). As such, the complaining party must have clean hands in order to succeed." While it is true that divorce in Georgia has historically been regarded as equitable in nature, *Hendrix v. Hendrix,* 224 Ga. 662 (163 SE2d 917), it does not follow that a party seeking a divorce "must have clean hands" in order to obtain a divorce. In some divorce proceedings the complaining party has been granted a divorce even though he admits to having committed adultery. *Williford v. Williford,* 230 Ga. 543 (198 SE2d 181). In fact, if the law were as this request to charge reads, fewer divorces would be authorized.

The other request to charge reads: "In this case, if you find that the plaintiff husband has legally deserted defendant wife for a period exceeding one year, you cannot award him a divorce. In other words, if both parties are guilty of committing acts which are grounds for divorce, a divorce cannot be granted." Without considering the first sentence of this request, the second sentence clearly is not a correct statement of law.

There are numerous grounds for divorce. Code Ann. § 30-102. Code § 30-109 refers to four of those grounds, adultery, desertion, cruel treatment and intoxication (habitual), and provides that "if both parties have been

guilty of like conduct . . . then no divorce shall be granted . . ."

We are urged by appellant to approve this request to charge and thus to hold that the cruel treatment charged to her and the desertion charged against her husband is "like conduct" within the meaning of Code § 30-109. If this were "like conduct" then all four enumerated grounds for divorce would be "like conduct" as to each other.

In *Gholston v. Gholston,* 31 Ga. 625, 635, the court approved jury instructions which stated that the cruel treatment of wife beating was "unlike" the cruel treatment of a wife's abusive and insulting language to her husband.

In *Schwartz v. Schwartz,* 222 Ga. 460 (2) (150 SE2d 809), the court held that cruel treatment by the wife prior to separation vis-a-vis adultery of the husband after separation and an invalid Mexican divorce, are not "like conduct."

We hold here that cruel treatment and desertion are not "like conduct" within the meaning of Code § 30-109 so as to prohibit the grant of a divorce.

Appellant's requests to charge not being correct statements of law, this enumeration of error is without merit.

3. Appellant contends that the trial judge committed error in refusing to enforce a Florida judgment for temporary alimony against her husband. Code § 38-622 and Code Ann. § 38-627 provide the means for authentication or certification of foreign judgments. The Florida judgment was never proved and thus was not entitled to recognition or enforcement in this divorce proceeding.

Finally, defendant alleges the trial court erred in exercising jurisdiction because of the prior pending Florida action. Again, the defendant failed to prove the pendency of the Florida action. Code § 38-622, Code Ann. § 38-627.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially.*

ARGUED APRIL 16, 1975 — DECIDED MAY 6, 1975 —

Ruth G. Martin Blois, *pro se.*

INGRAM, Justice, concurring specially.

I concur in the judgment but not in the majority opinion. I think the judgment is correct because the requested charges were not correct and adjusted to the facts of this case. However, I cannot agree with all that is said in the court's opinion.

This is another case which illustrates why the divorce and alimony statutes of our state urgently need attention by the General Assembly. Theoretically, we are now operating two legal systems of divorce in Georgia—one based on a fault concept that we have had for many, many years and another based on a no-fault concept which arose with the recent addition of the new ground for divorce that the marriage is irretrievably broken.

As a result of the two systems, differing completely in philosophy, confusion has arisen in trying to apply existing case law to particular cases. In my view, the *Friedman* case, in 233 Ga. 254 (210 SE2d 754), overlooked Code Ann. § 30-113 which states, "the allegations of the [divorce] pleadings shall be established by evidence." The *Friedman* decision now permits a divorce to be granted on the new ground by a judgment on the pleadings and it changed the policy of the state toward the grant of divorces. Prior to *Friedman,* "[t]he policy of the state since the adoption of the Constitution of 1798 has been 'to hinder facility in the procurement of divorces.' *Watts v. Watts,* 130 Ga. 683 (61 SE 593)." *Brackett v. Brackett,* 217 Ga. 84, 89 (121 SE2d 146).

All of these changes have taken place by the mere adoption of an additional ground of divorce (irretrievably broken marriage) without the legislature having removed or modified the other divorce statutes which are a part of the fault system of divorce. I am quite aware that I made essentially these same observations in the dissent in *Friedman* and I am not now attempting to re-argue the merits of that decision.

What I am saying is that, assuming *Friedman* is correct because the ground for divorce used there was an irretrievably broken marriage, I apprehend the new casual approach to divorce, birthed by *Friedman* and its progeny, is eroding long-established case law which developed under the fault concept system and is still applicable to divorce cases based on fault grounds. The question then is whether all of this fault concept case authority shall continue to be applied in divorce cases which are brought on fault grounds. I see it slipping away and, without bemoaning its passing on the merits, I believe it is creating a host of confusion as it goes.

If we are going to travel this new expressway to divorce, where the state no longer takes an interest in marriages and does not "hinder facility in the procurement of divorces," I firmly believe it would be best for the General Assembly to strike all the fault concept grounds of divorce from the law and completely overhaul the divorce and alimony statutes to bring them in line with the new concept. This would seem to me a much better alternative than the painful and hodgepodge attrition and sub silentio repeal of the existing case and statute law covering the fault grounds. There is no dearth of model laws which could be used as a guide for legislative action. For example, The Uniform Marriage and Divorce Act is available with commentary and is useful in considering this problem. See the Desk Guide to The Uniform Marriage and Divorce Act prepared by the editors of The Family Law Reporter (BNA).

The present case is not a dramatic example of this evolving trend but it fits into the pattern, I believe, of the court's tendency not to enforce statutes in the divorce law which discourage divorce irrespective of the grounds relied on in the case. The statute in question here is Code § 30-109. It provides in pertinent part that, "if both parties have been guilty of like conduct . . . then no divorce shall be granted . . ." This court has fairly consistently held that where there is evidence of like conduct it is reversible error for the trial judge to fail to charge this Code section even without request. In *Brackett v. Brackett,* supra (p. 85), this court said: "The effect of the ruling in the *Moon* case [216 Ga. 627] is that, even though the grounds upon

which the parties seek divorce may in one instance be cruel treatment and in the other desertion, nevertheless, it is reversible error where there is evidence that both parties have been guilty of like conduct to fail to charge, without request, [the provisions of this Code section]." So, the grounds urged are not always controlling as to when this section is applicable. The evidence may require it despite the grounds of the pleadings.

As I read the majority decision, it implicitly holds that none of the grounds of adultery, desertion, cruel treatment and habitual intoxication are like conduct for one another. In my opinion, this ruling is in conflict with the very early holding of this court in Division 4 of *Johns v. Johns,* 29 Ga. 718, 722 (1860), in which Justice Lumpkin, writing for a unanimous court, said: "Can the defendant counter-plead to this, the offense of adultery in the plaintiff? It has been held by the English courts, that cruelty cannot be pleaded in bar to a suit for adultery; but the converse of this proposition has not been laid down, namely, that when the husband alleges cruelty against the wife, she cannot defend by showing his adultery. And, indeed, it appears that she can. 2 *Atkins,* 96; 7 *Eng. Ecc. Rep.,* 377, 380; and *Ecc. Rep.,* 411-12; *Eng. Ecc. Rep.,* 158, 171.

"In Missouri they have a statute similar to our Act of 1850, (*Cobb,* 226) upon the subject of divorce. It has a provision too like ours, that where both parties are guilty, no divorce should be decreed. And under this statute, the courts of that state have held, that the decree must be refused where both parties are guilty of any of the enumerated offenses. *Neagle v. Neagle,* 12 Miss. 53; *Ryan v. Ryan,* 9 Ibid, 539.

"And it occurs to us that it is difficult to answer the reasoning which conducts to this conclusion. For if each offense is the same, it cannot be said that one is more heinous *in law* than another, however it may be in morals. Each alike authorizes a total disruption of the nuptial tie. And in law, as in mathematics, things that are equal to the same thing, are equal to one another. True, our statute does not make it imperative to grant a total divorce in all cases of cruel treatment. But the discretion operates against the plaintiff in this case. His adultery demands it,

whether the wife's cruelty does or not.

"The law contemplates the innocence of the party seeking the divorce. How can the courts decide which is the innocent and which the injured party, when both, under the statute, are in pari delicto? Can either have the contract vacated at the expense of the other, when it has been equally infracted by both?

"The true rule, we apprehend, although it is not necessary to go so far in this case, is to allow the defendant to recriminate for any of the causes which would dissolve the contract, whether it be codem delictum or not."

The 1850 statute, referred to by Justice Lumpkin in *Johns,* is basically the same statute involved in the present case as Code § 30-109. My point is that I feel we are obligated to apply the statute as long as it is on the books. Perhaps it has outlived its usefulness. If so, the General Assembly should repeal it and the others which are losing their vitality because of the new no-fault philosophy which is influencing court decisions in all divorce cases.