## 24494. BURGESS v. BURGESS.

ARGUED FEBRUARY 13, 1968—DECIDED MARCH 7, 1968—
REHEARING DENIED MARCH 21, 1968.

*Peek, Whaley, Blackburn & Haldi, J. Corbett Peek, Jr., Glenville Haldi,* for appellant.

*J. Richmond Garland, Norman H. Fudge, M. T. Hartman, III,* for appellee.

ALMAND, Presiding Justice. Emily F. Burgess in her suit against her husband, C. D. Burgess, prayed for the grant of a total divorce on the ground of cruel treatment and the award of permanent alimony and attorney's fees. In her petition she alleged that she was the owner of a house located on South Roswell Road in Marietta, Cobb County, Georgia, "presently occupied by petitioner and defendant."

In his amended answer the defendant denied the material allegations of the plaintiff's petition. Defendant prayed that the prayers of the plaintiff's petition be denied, and that he be granted a total divorce on the ground of cruel treatment. Further, defendant alleged that the property located on South Roswell Road was purchased with his individual funds for the purpose of providing a home and security for him and his wife in their old age and that he caused title to the property to be put in the name of his wife because of his love and affection for her with "complete faith and confidence in plaintiff and with the intent that it would be held and used for their joint benefit as a home for plaintiff and defendant and as the means of providing security for each of them for life through the sale of parts thereof from time to time." Defendant prayed that this property allegedly owned by plaintiff and defendant be apportioned between them.

On the trial of the case the jury returned a verdict grant-

ing the defendant a divorce, awarding defendant a one-half interest in the South Roswell Road property and denying the plaintiff's prayer for permanent alimony. A decree was accordingly entered.

The plaintiff filed her notice of appeal. Error is enumerated on the trial court's "refusing to grant the motion for directed verdict of the plaintiff (wife) as to the ownership of the real property in dispute" and "entering judgment for the defendant (husband) granting him an undivided one-half interest to the real property in dispute."

The sole issue here is: Was the evidence before the jury so clear and convincing that it was authorized to find that at the time the property was purchased with the funds of the husband and title placed in the wife's name, it was the purpose and intent of the parties that the property would be held for their joint use and benefit? Though the evidence on this issue is in conflict, after a careful review of all the evidence we are of the opinion that the verdict is supported by the evidence. The trial court did not err in submitting this issue to the jury and entering a judgment granting the defendant a one-half interest to the real property in dispute.

*Judgment affirmed. All the Justices concur.*